■ In the Matter of QUEENSBURY ASSOCIATION et al., Respondents, v TOWN BOARD OF THE TOWN OF QUEENSBURY et al., Appellants.—Kane, J. Appeal from a judgment of the Supreme Court (Mercure, J.), entered January 5, 1988 in Warren County, which, *inter alia,* granted petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to conduct a special election regarding the establishment of a public park.

At issue in this case is respondents' failure to conduct a special election regarding the establishment of a public park on certain real property located in the Town of Queensbury, Warren County. Via a petition signed by over 700 residents of the town, petitioners submitted a proposition directing respondents to acquire the property through negotiation or eminent domain. Although petitioners sought to have the proposition placed on a referendum in a special election, respondents did not do so, apparently concluding that it was not mandatory that such a proposition be subjected to a popular vote. As a result, petitioners commenced this proceeding seeking to compel respondents to hold a special election. Supreme Court granted the petition and respondents have appealed.

We affirm. Town Law § 81 specifically provides that: "The town board may upon its own motion and *shall upon a petition* * * * cause to be submitted at a special or biennial town election, a proposition * * * [t]o establish * * * public parks or playgrounds, acquire the necessary lands therefor, and equip the same with suitable buildings, structures and apparatus" (Town Law § 81 [1] [d] [emphasis supplied]). The statute clearly requires a town board to put a referendum of the type at issue here to a popular vote. Respondents' argument that such a requirement usurps a town board's power of eminent domain *(see,* Town Law § 64 [2]) is without merit. While a town board is generally responsible for determining a town's laws, in the instant case, Town Law § 81 specifically permits certain referenda to be voted upon by a popular vote *(see, Olin v Town of N. Hempstead,* 34 Misc 2d 853, 856, *affd* 18 AD2d 831, *affd* 13 NY2d 782). Furthermore, case law indicates that members of the public plainly can compel a special election in which the electorate votes upon referenda *(see, e.g., Matter of Jacobs v Ocker,* 123 AD2d 801, 805-806; *Matter of Stillman v Roosa,* 11 AD2d 779, *affd* 9 NY2d 778).

We also reject the argument that if the voters approve the proposition, respondents would be forced to exercise their power of eminent domain *(see,* EDPL art 2). This, respondents claim, would be improper insofar as the power of eminent domain is to be exercised only within the discretion of a governmental body. However, a referendum to acquire land for a public park is expressly prescribed by Town Law § 81. Respondents cannot escape this requirement by claiming to be shielded by EDPL article 2. There is no bar to acquiring land to establish public parks through eminent domain proceedings *(see, Matter of Town Bd. of Town of Islip [Fishman],* 12 NY2d 321).

Furthermore, we do not find the proposition so lacking in specificity such as to render it invalid. Town Law § 81 imposes no specificity requirements. The fact that other statutes do impose certain requirements in suggested propositions *(e.g.,* Municipal Home Rule Law § 37 [11]; General Municipal Law § 244-c; *see, Matter of Adams v Cuevas,* 68 NY2d 188) supports the view that had such specifics in Town Law § 81 been intended they would have been set forth by the Legislature.

Finally, respondents argue that placing the proposition on a referendum in a special election would violate the provisions of the State Environmental Quality Review Act (ECL art 8) insofar as no environmental impact statement (hereinafter EIS) was prepared *(see,* ECL 8-0109 [2]). An EIS is required in

any "action" having a significant environmental effect (ECL 8-0109 [2]). However, as Supreme Court noted, official acts of a ministerial nature can be performed without the benefit of an EIS *(see,* ECL 8-0105 [5] [ii]). Here, respondents are required to place the proposition on the ballot at a special election (Town Law § 81 [1] [d]). Such an act requires no discretion and is therefore ministerial *(see,* ECL 8-0105 [5] [ii]; *Matter of Filmways Communications v Douglas,* 106 AD2d 185, *affd* 65 NY2d 878). Since no EIS was required, there was no violation of the State Environmental Quality Review Act.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss and Yesawich, Jr., JJ., concur. *[See,* 135 Misc 2d 118.]