◼ In the Matter of ROBERT C. GREENE, Appellant, v TOWN BOARD OF TOWN OF WARRENSBURG et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Dier, J.), entered May 24, 1989 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Petitioner, a resident of the Town of Warrensburg, Warren County, asked respondent Town Board of Warrensburg (hereinafter the Board) to hold a referendum to enable the electorate to decide whether the town, at its expense, should install television translators. Asserting that the requested action was illegal and unauthorized, the Board declined to submit the issue to the electorate. Petitioner then commenced this CPLR article 78 proceeding to compel the Board to present the proposition. Supreme Court dismissed the petition. We affirm.

Whether the Board must submit petitioner's proposition to a referendum is an issue that has already been "necessarily decided in a prior proceeding * * * [in which petitioner] was accorded a full and fair opportunity to contest the issue" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005, 109 S Ct 785). In that earlier proceeding, this court determined that, in the absence of an express statutory basis, the Board could not place an identical proposition before the electorate *(see, Matter of Greene v Town Bd.,* 90 AD2d 916, *lv denied* 58 NY2d 604). Although the current proposition and that previously presented to the Board for action differ in the number of signatures supporting them and the anticipated cost of installing and maintaining the translators,

the issue decided in the earlier article 78 proceeding and the instant one are precisely the same substantively *(see, supra);* accordingly, the doctrine of collateral estoppel precludes petitioner from relitigating this issue *(see generally,* Siegel, NY Prac § 457, at 604).

Also lacking in merit is petitioner's assertion that, to the extent that our earlier decision determined that his proposition was not authorized under Town Law § 81, the statute is unconstitutional. This statute does not, as petitioner suggests, abridge the people's right to petition the government for a redress of grievances *(see,* US Const 14th Amend; *see also,* NY Const, art I, § 9). This is apparent from the very fact that petitioner's right to petition has not been impeded. The right to petition, however, does not translate into a duty upon government to act. Furthermore, Town Law § 81 provides a vehicle for citizens to have specified issues submitted for referendum. As such, it enlarges rather than diminishes the opportunity to petition for redress.

We have examined petitioner's other arguments and find them similarly unpersuasive.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.