■ In the Matter of MARY IMOGENE BASSETT HOSPITAL, Petitioner, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Health which established petitioner's 1982 Medicaid reimbursement rate.

The facts presented in this proceeding are virtually identical to those in *Matter of Bassett Hosp. v Axelrod* (156 AD2d 826), except that in the case at hand petitioner challenges respondent Department of Health's Medicaid reimbursement rate for 1982 rather than 1983, and the procedural posture of the two proceedings differs slightly. Here, petitioner exhausted its administrative remedies and then instituted a CPLR arti-

cle 78 proceeding; Supreme Court remanded the matter to the Department for review of the appropriateness of including petitioner in a specific "seed cluster". After a hearing, an Administrative Law Judge determined that petitioner had failed to meet its burden of proving that the Department violated regulatory guidelines in composing petitioner's "seed cluster"; he therefore affirmed the original reimbursement rate. Petitioner then commenced the instant proceeding which seeks to annul and have respondents recompute petitioner's Medicaid reimbursement rate for 1982.

The issue herein is whether placing petitioner, a small but unique hospital, for it is the only rural teaching hospital in the State, in a "seed clustering" peer group consisting of much larger metropolitan hospitals manifests a patent disregard for the required criteria of size and location *(see, supra,* at 828). This question has already been "necessarily decided in a prior proceeding * * * [in which the party] was accorded a full and fair opportunity to contest the issue" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005). In the earlier opinion, this court determined that respondents did not fully comply with statutory and regulatory mandates when petitioner's peer group was established *(Matter of Bassett Hosp. v Axelrod, supra).* As the issue decided there is identical to that presented herein *(see, Matter of Greene v Town Bd.,* 159 AD2d 781; *cf., People ex rel. Watch Tower Bible & Tract Socy. v Haring,* 286 App Div 676, 680-681), the doctrine of collateral estoppel precludes its relitigation *(see generally,* Seigel, NY Prac § 457, at 604).

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.