Bonnie P. Chaikin, Esq. Informal Opinion Town Attorney No. 2002-18 Town of North Hempstead Town Hall 220 Plandome Road P.O. Box 3000 Manhasset, New York 11030
Dear Ms. Chaikin:
You have asked whether, under Town Law § 81, the filing of a petition by the number of electors necessary to submit to the voters the question of whether the ward system shall be established for the election of town council members is sufficient to initiate a vote on the proposition without any prior action by the Town Board on this matter. We conclude that, assuming that the petition is otherwise proper, Town Law § 81
requires that the Town submit the proposition to the voters under these circumstances.
You have informed us that the Town of North Hempstead is a town of the first class as that term is used in Town Law § 81, and that four "at large" council members currently serve on the Town Board. You have further advised that although the Town Board has previously considered the issue of whether to establish a ward system for the election of council members, it has not passed a resolution on this issue or taken any other action to establish such a system.
Town Law § 81 enumerates specific issues that may be submitted directly to the voters by way of a proposition. In a town of the first class having four to six council members, one of these issues is whether to "establish or abolish the ward system for the election of councilmen." Town Law § 81(2)(b). The statute provides that "[t]he town board may upon its own motion and shall upon a petition, as hereinafter provided, cause to be submitted at a special or biennial town election, a proposition" on the specified issues. Id. (emphasis added). The requirements of such a petition and directives as to when the proposition shall be submitted to the voters following the filing of a petition are also set forth in the statute. Town Law § 81(4).
Section 81 thus represents a limited and specific departure from the rule of representative government, permitting the town electors both to initiate a public vote on and ultimately decide certain matters. Seealso County Charter Law § 33(6) (permitting electorate to submit petition for creation of charter commission); Village Law §9-912 (requiring board of trustees to submit proposition on enumerated issues to public vote upon filing of petition). Government by representation is the general rule in this State, and consequently direct action by the people must be specifically authorized by State law. SeeMatter of McCabe v. Voorhis, 243 N.Y. 401, 413 (1926); Mills v. Sweeney,219 N.Y. 213 (1916). Town Law § 81 provides such express authorization. As the Third Department has explained: "While a town board is generally responsible for determining a town's law, . . . Town Law § 81 specifically permits certain referenda to be voted upon by a popular vote." Matter of Queensbury Ass'n v. Town Board of Town ofQueensbury, 141 A.D.2d 997, 998 (3d Dep't 1988).
Section 81 has consistently been interpreted as mandating the submission of the specified propositions to a vote upon the filing of a proper petition. See id. ("The statute clearly requires a town board to put a referendum [on the specified issue] to a popular vote."); 1954 Op. State Compt. No. 6704 ("In the case of the abolition of the ward system for the election of councilmen, the statute specifically requires the submission of a proposition for the abolition of the ward system upon presentation of a petition."). Indeed, it has been stated that the very purpose of this statute "is to allow the town electors to decide a certain issue, irrespective of the town board's feelings on the matter." 1955 Op. State Compt. No. 7147; see also Matter of Greene v. Town Board, Town ofWarrensburg, 159 A.D.2d 781 (3d Dep't) ("Town Law § 81 provides a vehicle for citizens to have specified issues submitted for referendum."), appeal dismissed, 76 N.Y.2d 771, cert. denied, 498 U.S. 941
(1990). Further, the town board's actions in submitting a proposition to the voters following the submission of a petition under Town Law § 81
has been described as a ministerial act, requiring no discretion by the town board. Matter of Queensbury, 141 A.D.2d at 999 (rejecting argument that town board could not place proposition to acquire park land on ballot in absence of statutorily-required environmental impact statement).
Consequently, where a properly subscribed and authenticated petition containing the requisite number of signatures is submitted on the issue of whether to establish a ward system in a town of the first class having four to six council members, the statute requires the town board to submit the proposition to the voters. Under these circumstances, nothing in section 81 requires a prior resolution of the town board, or any other initiatory board action, to effectuate a public vote on the issue. In this respect, a voter-initiated proposition authorized by Town Law §81 (or a similar statute) differs from a mandatory or permissive voter referendum. In the latter situations, the Legislature has provided that a public referendum must (or may) follow legislative action; the voters are essentially permitted an opportunity to veto the legislative action.See Olin v. Town of North Hempstead, 34 Misc.2d 853, 856 (Sup.Ct. 1962) ("A referendum in effect, then, is no more than a veto power vested in the electorate to review an act of the Town Board."), aff'd, 18 A.D.2d 831
(2d Dep't 1963), aff'd, 13 N.Y.2d 782 (1963); Town Law §§ 90, 91
(governing permissive referenda). In contrast, where a voter-initiated proposition is authorized, there is no requirement that the local legislative body first pass a resolution on the matter. Indeed, such a requirement would defeat the statutory purpose of allowing the voters to initiate the specified governmental actions.
We therefore conclude that the filing of the petition on the issue whether to establish a ward system for the election of council members in the Town of North Hempstead is sufficient, assuming the petition is otherwise proper, to require the Town Board to submit the proposition to the voters under Town Law § 81.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions