■ HINSDALE CENTRAL SCHOOL, Appellant, v AGWAY PETROLEUM CORPO- RATION, Respondent.—Judgment affirmed, without costs, on the memorandum decision at Supreme Court, Kasler, J. All concur, except Callahan, J., who dissents and votes to reverse and grant judgment for plaintiff, in the following memorandum.

Callahan, J. (dissenting). In my view, trial court erred in determining that the issuance of a permit by the building inspector is a "ministerial act" and

therefore the State Environmental Quality Review Act (SEQRA) does not apply. SEQRA mandates that all "agencies" shall provide an environmental impact statement for any "action" they propose or approve which may have a "significant effect" on the environment (ECL 8-0109, subd 2). The Town of Hinsdale as a political subdivision of the State is an "agency" subject to SEQRA (ECL 8-0105, subd 2). The dispute between the school board and Agway concerns two factors: (1) whether the issuance of a building permit constitutes an "action" within the act, and (2) whether construction of a 30,000 gallon liquid propane storage tank by Agway immediately adjacent to an athletic field and school bus garage may have a significant effect upon the environment. SEQRA defines "actions" as well as items which are not considered "actions". "Actions" include projects or activities directly undertaken by any agency involving the issuance of a permit (ECL 8-0105, subd 4, par [i]), but do not include official acts of a ministerial nature, involving no exercise of discretion (ECL 8-0105, subd 5, par [ii]). In affirming, the majority hold that the approval of the building permit constituted official acts of a ministerial nature involving no exercise of discretion, hence exempt under ECL 8-0105 (subd 5, par [ii]). I cannot concur. The avowed purpose of the Town of Hinsdale Building Code is to promote the public health, safety, morals, comfort and general welfare, as well as conserving and protecting property and property values. The ordinance specifically recites that it is advisable for the town board to regulate the location, type and use of building and other structures. The Hinsdale Code, even though limited and vague, never contemplated any *pro forma* issuance of a permit for the erection of a 30,000 gallon propane storage tank immediately adjacent to a school play area and bus garage in total disregard to the nature and location of the proposed facility within 250 to 300 feet from a school housing 700 students. True, an agency is not required to issue an environmental impact statement as to all actions. However, SEQRA provides that the agency must issue a statement where its action would have a "significant effect" on the environment (ECL 8-0109, subd 2). In my view the town has a statutory duty to follow the SEQRA procedure. The primary method of achieving the State's surveillance and protection of the environment is the requirement of the preparation of an environmental impact statement (*H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 229). As this court noted in *H.O.M.E.S.,* the fact that an action is not specifically listed as a "type I" action does not mean that no environmental impact statement is required *(supra,* pp 232-233). Because the nature of this facility and its proposed location could pose a health and safety hazard, the town should be required to submit its environmental impact statement considering the facility's impact (ECL 8-0109, subd 4; see *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo,* 96 Misc 2d 1, 7). The approval of the building permit herein made the same date as the application, without any investigation or consideration to public health and safety, is contrary to the code and provisions of SEQRA. The lower court erred in not requiring the town to comply with SEQRA. (Appeal from judgment of Erie Supreme Court—injunction.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.