In the Matter of FILMWAYS COMMUNICATIONS OF SYRACUSE, INC., Appellant-Respondent, v ALAN DOUGLAS, as Building Inspector, Respondent-Appellant. (Appeal No. 1.)

Fourth Department, January 29, 1985

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle* (*John B. Hood* and *Jeffrey G. Wright* of counsel), for appellant-respondent.

*Langan, Grossman, Kinney & Dwyer* (*John P. Kinney* of counsel), for respondent-appellant.

### OPINION OF THE COURT

BOOMER, J.

In 1971, before the enactment of the State Environmental Quality Review Act (SEQRA), the Zoning Board of Appeals of the Town of Onondaga granted a variance for the construction of a 500-foot communication antenna tower on petitioner's property. In 1980, when petitioner applied for a building permit to construct the tower, respondent, the town building inspector, denied the permit, citing as one reason that petitioner failed to file an environmental assessment form as required by SEQRA.

Petitioner then brought this CPLR article 78 proceeding in the nature of mandamus to compel the building inspector to issue the permit. In his answer, the building inspector raised five affirmative defenses, including the first affirmative defense that petitioner failed to comply with the town's Environmental Quality Review Law which implements SEQRA. Special Term dismissed the last four affirmative defenses, but dismissed the petition because petitioner failed to comply with SEQRA.

For the reasons stated by the Justice at Special Term, the last four affirmative defenses were properly dismissed. We hold, however, that in applying for the building permit, petitioner was not required to comply with SEQRA. Thus, petitioner's application should have been granted.

Under SEQRA, an environmental impact statement is required on any "action" proposed or approved by a government agency that may have a significant effect on the environment (ECL 8-0109, subd 2). Expressly excluded from the definition of the word "action" are "official acts of a ministerial nature, involving no exercise of discretion" (ECL 8-0105, subd 5, par [ii]).[1] "[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result." (*Tango v Tulevech,* 61 NY2d 34, 41.) Discretion involves a "latitude of choice within certain legal bounds" (Webster's Seventh New Collegiate Dictionary, p 238 [1970]).

Here, the act of the building inspector in granting or denying the building permit is ministerial; it does not involve exercise of discretion. There is no provision in the building code that gives the building inspector a latitude of choice. In determining whether to grant or deny a building permit, he must adhere to the definite standards of the code and if the applicant meets these standards, he must issue the permit. If he erroneously refuses, mandamus will lie to compel the performance of his mandatory duty. Conversely, if the applicant fails to meet the standards, the building inspector must deny the permit.[2]

---

1.  The town's Environmental Quality Review Law (§ 13C-2, subd A) adopts the definitions set forth in SEQRA.

2.  In accord is the *following* statement from the SEQRA handbook (p B-11). "The issuance of a building permit may in some instances be a ministerial act. In some situations, a building permit must be issued if an applicant meets a prescribed set of conditions * * * In other instances, the building inspector is required or authorized by law to vary or request modifications in the qualifying criteria for the permit." Here, the building inspector of the Town of Onondaga has been granted no power to vary the qualifying criteria.

Other language in SEQRA indicates that an environmental impact statement is not necessary where the approving agency has no latitude of choice. The express purpose of the environmental impact statement required by SEQRA is to provide information about the effect a proposed action will have on the environment "so as to form the basis for a decision whether or not to undertake or approve such action" (ECL 8-0109, subd 2). Where a government agent, such as the building inspector in this case, has no discretionary authority to decide whether or not to approve a project, he needs no information about the effect of the project upon the environment, for he must base his decision exclusively upon the definite standards imposed by his grant of authority.

In *Hinsdale Cent. School v Agway Petroleum Corp.* (73 AD2d 1043), we reached the same result. There, the school district sought to enjoin Agway from constructing a propane gas storage tank near a school building because Agway failed to submit an environmental impact statement to the building inspector. We affirmed the trial court's determination that the issuance of the building permit was a ministerial act and thus, SEQRA did not apply. There, as here, the building code gave the inspector no latitude of choice. Since Agway complied with the standards stated by the building code, it was entitled to the permit.

Cases concerning the tort liability of a building inspector should not serve as precedent here. Different considerations are involved in determining whether a building inspector should be liable for damages caused by his erroneous determination in granting or refusing a building permit.

It has been held that a building inspector, in determining whether an applicant is entitled to a building permit, enjoys absolute immunity from tort liability because the act is discretionary and quasi-judicial in nature (see *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831). Such immunity "is founded on public policy and is generally said to reflect the value judgment that the public interest in having officials free to exercise their discretion unhampered by the fear of retaliatory lawsuits outweighs the benefits to be had from imposing liability" (*Santangelo v State of New York,* 101 AD2d 20, 25); the tendency, therefore, in tort actions against public officials "has been to define the concept of *discretionary* or *quasi-judicial* action broadly in favor of immunity" (2 Harper and James, Torts, § 29.10, p 1640). No such considerations are present in the case before us.

Accordingly, the order and judgment should be modified by dismissing the first affirmative defense and granting the petition and directing respondent building inspector to issue the permit.

HANCOCK, JR., J. P., DOERR, GREEN and O'DONNELL, JJ., concur.

Order and judgment unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with opinion by Boomer, J.