■ CITIZENS FOR THE PRESERVATION OF WINDSOR TERRACE et al., Respondents, v CHARLES M. SMITH et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the municipal respondents to revoke an as-of-right building permit and enjoin the construction of a 13½-story building pending compliance with environmental review proceedings, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Dowd, J.), dated January 30, 1986, which, *inter alia,* granted the petition, granted the petitioner's motion for a preliminary injunction, and denied the appellants' respective cross motions to dismiss the proceeding and vacate a temporary restraining order.

Order and judgment reversed, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the petitioners' motion denied, the appellants' cross motions to dismiss the proceeding and vacate the temporary restraining order granted, and proceeding dismissed.

Cymbidium Development Corp. (hereinafter Cymbidium) had originally proposed to build a 22-story building at 207 Prospect Park Southwest, which it was entitled to do under the zoning law in effect at the time. It revised its plans to 13½ stories when community residents voiced opposition. Cymbidium applied for and received an as-of-right permit to commence construction of a foundation for the proposed building.

The petitioners, consisting of a group of local residents, moved for injunctive relief pending environmental review. Special Term granted the petition, directed the city and Cymbidium to comply with the environmental review procedures set forth in the New York State Environmental Quality Review Act (hereinafter SEQRA) and the New York City Environmental Quality Review Act (hereinafter CEQR) in connection with the issuance of the permit, enjoined Cymbidium from proceeding with any construction or other work, directed the Commissioner of the New York City Department of Buildings to revoke all building or other permits, and stayed the Commissioner from issuing other permits in connection with the property pending compliance with SEQRA and CEQR. Special Term held that the intent of SEQRA and CEQR required environmental review before the instant building was approved. We disagree.

Initially, the petitioners raise an argument of mootness based on the fact that the zoning law has been changed to

permit a maximum of eight stories, and the building permit has been revoked. However, Special Term required compliance with SEQRA and CEQR regardless of whether the proposed building would comply with the new or old zoning ordinance. Thus, the same question of whether or not Cymbidium must comply with SEQRA and CEQR must be addressed regardless of whether the proposed building is 22, 13½ or 8 stories.

Turning to the substantive issue, it should be emphasized that SEQRA by its own terms specifically excludes ministerial acts which do not involve the exercise of discretion from being considered "actions" (ECL 8-0105 [5]). Here, it is conceded that the application complied with all the zoning requirements, and involved an as-of-right permit which did not involve the exercise of discretion.

In the case of *Matter of Filmways Communications v Douglas* (106 AD2d 185, *affd* 65 NY2d 878), a zoning variance was granted for the construction of a 500-foot communication antenna tower prior to the enactment of SEQRA. After SEQRA was enacted, the petitioners applied for a building permit, which was denied, *inter alia,* for failure to file an environmental assessment form as required by SEQRA. The Fourth Department, in an opinion by Justice Boomer, held that the act of the building inspector in granting or denying the building permit is ministerial and does not involve the exercise of discretion, is therefore expressly excluded from the definition of an "action" under SEQRA, and does not require an environmental impact statement *(see, Matter of Filmways Communications v Douglas, supra,* at pp 186-187). The Court of Appeals affirmed for the reasons stated in Justice Boomer's opinion.

The identical analysis applies in the instant case. The permit involved was an as-of-right permit which did not involve the exercise of discretion. Therefore, the granting of the permit was a ministerial act expressly excluded from review under SEQRA.

The petitioners argue that the permit was nonetheless subject to review under CEQR because the building "directly affect[s] a critical area or an historic resource", which would make even a ministerial act subject to review under CEQR (§ 15, Type I). CEQR § 4 (e) provides that the lead agencies compile a list of ministerial actions which would be exempt, "except as provided in section 15, Type I, of this Executive Order, relating to critical areas and historic resources". The list of activities certified as ministerial in nature include the

issuance of as-of-right building permits for new buildings and for foundation and earthwork. Section 15 does not alter this result, because it refers to the State regulations, which exclude all ministerial actions.

The New York City Department of Buildings clarified that such acts are exempt unless they involve requests for the exercise of discretion, or involve "critical areas", including any building structure, or site which is in a historic resource. The instant building site is not *in* a historic resource, but is only near such a site. Therefore, the exceptions enumerated do not apply, and in accordance with the city lead agencies' interpretations, the permit does not trigger any environmental review.

As a result, we need not reach the question of whether CEQR, which was adopted by an executive order rather than by legislation, could expand upon the enabling legislation of SEQRA *(see, Under 21, Catholic Home Bur. for Dependent Children v City of New York,* 65 NY2d 344; *Matter of Broidrick v Lindsay,* 39 NY2d 641).

We note that the temporary restraining order was improperly granted by Special Term pending its determination inasmuch as the petitioners failed to demonstrate any irreparable injury related to the grounds upon which they sought the injunctive relief *(see, Di Stefano v PSFB Assoc.,* 103 AD2d 839).

The petitioners' remaining contentions have been considered and found to be without merit. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur. *[See,* 130 Misc 2d 967.]