■ In the Matter of DONALD PIUS et al., Respondents, v BENJAMIN J. BLETSCH et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to issue the petitioners a building permit, the appeal is from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated June 25, 1985, which granted the petition and directed the issuance of the requested permit subject to the petitioners' compliance with applicable provisions of the Code of the Town of Huntington and the New York State Building Code.

Ordered that the judgment is affirmed, with costs.

Pursuant to the Environmental Conservation Law and its implementing regulations, an environmental impact statement is required on any "action" proposed or approved by a government agency that may have a significant effect on the environment *(see* ECL 8-0109 [2]). The statutory scheme fur-

ther provides, however, that a ministerial act, which does not involve the exercise of discretion, does not constitute an "action" within the meaning of that provision, so as to trigger the requirement that an environmental impact statement be filed *(see,* ECL 8-0105 [5]; 6 NYCRR 617.2).

The issuance of a building permit is a purely ministerial act which involves no discretion and no "latitude of choice" *(see, Matter of Filmways Communications v Douglas,* 106 AD2d 185, 186, *affd* 65 NY2d 878). Once an applicant complies with the pertinent laws and ordinances, it is incumbent upon the building inspector to issue the requested permit. The appellants at bar, therefore, had no authority to require the filing of a draft environmental impact statement as a condition to the issuance of the building permit sought by the petitioners, and the judgment appealed from must, accordingly, be affirmed. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.