OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Contract-purchaser Pius applied to the Town of Huntington Director of Engineering, Building and Housing (Director) for a building permit to construct an office building on property in a commercial zone. Subsequent to a preliminary assessment by the Town’s Department of Environmental Control, a positive SEQRA (State Environmental Quality Review Act) declaration indicated that the proposed building may have a significant adverse environmental impact. Thereupon, the Director refused to issue the building permit and instructed Pius instead to submit a draft environmental impact statement (DEIS) pursuant to ECL 8-0109 (4).
Pius started a CPLR article 78 proceeding seeking to annul the Director’s determination and to mandate that the Director issue a building permit without the precondition of a DEIS. Supreme Court, Suffolk County, granted the petition, holding *922 that the issuance of a building permit is purely ministerial involving no discretion and that no DEIS may be required. Relying upon Matter of Filmways Communications v Douglas (106 AD2d 185, affd 65 NY2d 878), the Appellate Division agreed. We reverse and dismiss the proceeding.
SEQRA (ECL art 8) and its implementing regulations (6 NYCRR part 617) require the preparation of an "environmental impact statement on any action * * * which may have a significant effect on the environment” (ECL 8-0109 [2] [emphasis supplied]). SEQRA defines "action” to include the issuance of a permit, but expressly exempts from its application "official acts of a ministerial nature, involving no exercise of discretion” (ECL 8-0105 [5] [ii]; 6 NYCRR 617.2 [q], [x]).
In Filmways, we affirmed the Appellate Division holding expressly on its writing that the building inspector’s function there was ministerial and excluded from SEQRA review because "[t]here is no provision in the building code that gives the building inspector a latitude of choice” (Matter of Film-ways Communications v Douglas, 106 AD2d 185, 186, affd 65 NY2d 878, supra [emphasis supplied]; see also, Citizens for Preservation of Windsor Terrace v Smith, 122 AD2d 827 [issuance of concededly "as of right” building permit is a ministerial function]). The adopted opinion acknowledged, however, that if a building inspector was empowered to vary or request modifications in the qualifying criteria, that function would not be deemed ministerial (Matter of Filmways Communications v Douglas, supra, at 186, n 2, citing SEQRA Handbook, at B-ll [1982]).
The Appellate Division in the instant case treats Filmways (supra) as establishing a broad general proposition that issuance of a building permit is always ministerial. It does not. We conclude that, in light of the Director’s specifically delegated site plan approval powers coupled with the authority to make certain case-by-case judgments on site plan design and construction materials issues, the Town of Huntington’s subdivision regulations and site improvement specifications vests discretion of a kind which qualifies as an unexempted "action” in connection with the issuance of a building permit. Inasmuch as the issuance of a permit under this regulation is an action, the Director, as head of the "lead agency” under SEQRA, was entitled to require a DEIS as a precondition to the issuance of a permit (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 415; ECL 8-0109 [4]; 6 NYCRR 617.8).
*923 Other issues raised do not have sufficient merit to warrant discussion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.