■ In the Matter of COKERTOWN/SPRING LAKE ENVIRONMENTAL ASSOCIATION et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF MILAN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Milan, dated April 4, 1988, which upheld the issuance of a building permit to the respondents William and Jeanette Anagnos on December 18, 1985, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered December 21, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The respondents William and Jeanette Anagnos are the owners of an approximately 19-acre site in the Town of Milan, which site has at all relevant times been zoned as a "Resort District" in which a "camp" is a principal permitted use. The respondents Anagnos applied for a building permit to construct 100 camp sites and six "double camps" on the site. The zoning enforcement officer approved the application and the permit was granted on December 18, 1985.

Some twelve days later, on December 30, 1985, the zoning

ordinance was amended to set forth a more restrictive definition of a "camp". The new definition limited the requirement that the accommodation be occupied seasonally under the old definition to mean no more than six months in a calendar year. In addition, the amended definition of camp relegated several preexisting structures on the site to nonconforming use status.

On February 12, 1986, the petitioners, as neighboring landowners, applied to the Zoning Board of Appeals (hereinafter the ZBA) for review of the issuance of the building permit to the respondents Anagnos. They alleged, *inter alia,* that the proposed construction constituted a "nonconforming use under construction" for which the respondents Anagnos had obtained no vested interest pursuant to the zoning ordinance. In addition, the petitioners asserted that the issuance of the building permit by the zoning enforcement officer was an "action" requiring review under the State Environmental Quality Review Act (ECL 8-0101 *et seq.,* hereinafter SEQRA).

During its deliberations on the application for review, the ZBA concluded that the site map which the Anagnos had submitted with their application did not satisfy the requirements of the zoning ordinance. However, the ZBA upheld the issuance of the building permit, conditioned upon the submission by the respondents Anagnos of a site map meeting the ordinance's requirements.

The petitioners subsequently brought the present proceeding, alleging that the ZBA's determination was not predicated upon substantial evidence and did not have a rational basis. In sustaining the ZBA's determination, the Supreme Court found, *inter alia,* that the ZBA had been acting within the scope of its review powers in requesting the conforming site map and then upholding the issuance of the building permit under the zoning ordinance in effect at the time of the issuance *(see,* Town of Milan Zoning Ordinance § 417). In addition, the court found that the issuance of the building permit did not invoke SEQRA review, the respondents Anagnos having been entitled to the permit as a matter of right upon compliance with the application requirements of the ordinance. We now affirm.

The determination of the ZBA was clearly supported by substantial evidence, founded upon a rational basis, and was neither arbitrary, capricious, nor an abuse of·discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Barrett*

*v Rose,* 152 AD2d 525, 526). We agree with the ZBA's assertion that it had the power to uphold the issuance of the building permit retroactively upon the submission of the conforming map. In any event, it is clear that the construction proposed by the respondents Anagnos did not constitute a "nonconforming use under construction" even in light of the amended ordinance's more restrictive definition of a "camp". Therefore, the respondents Anagnos were under no duty to demonstrate that they had acquired a vested interest in the building permit *(see generally,* 1 Anderson, New York Zoning Law and Practice § 6.18 [3d ed] ).

The record does not indicate that the zoning enforcement officer had the authority to exercise any discretion in issuing the building permit to the respondents Anagnos, as they were entitled to it as a matter of right upon compliance with the zoning ordinance. Therefore, SEQRA review was not required *(see, Citizens for Preservation of Windsor Terrace v Smith,* 122 AD2d 827, 828; *Matter of Filmways Communications v Douglas,* 106 AD2d 185, *affd* 65 NY2d 878; *cf., Matter of Pius v Bletsch,* 70 NY2d 920, 922). Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.