■ In the Matter of CHARTER LAND DEVELOPMENT CORP., Appellant, v JEFFREY A. HARTMANN, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to issue two building permits, the petitioner appeals from (1) a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered July 17, 1989, which denied the petition, and (2) an order of the same court, entered April 7, 1989, which denied the petitioner's motion to renew.

Ordered that order is reversed, on the law, the motion is

granted, upon renewal, the judgment is vacated, the petition is granted, and the respondent is directed to issue the two building permits; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order; and it is further,

Ordered that the petitioner is awarded one bill of costs.

On August 7, 1986, the Zoning Board of Appeals of the Town of Huntington, pursuant to Town Law § 280-a, granted the petitioner a variance to construct one "Private Right-of-Way" instead of a road to provide access to two homes it planned to build. In granting the variance, the Zoning Board of Appeals specifically noted that to construct a road pursuant to Town specifications would be cost prohibitive to the petitioner without providing any attending benefit to the Town. Nevertheless, the petitioner was denied building permits for the two homes. In refusing to issue the building permits, the respondent repeatedly referred to shortcomings, *inter alia,* with respect to "road grades", "width of roads", "width of pavement * * * for a two-way road", and "horizontal road alignment". Notably, in a letter dated April 8, 1987, to the petitioner's attorney after the submission of revised plans, the respondent stated, in pertinent part: "The opinion of your engineer is not an approvable substitute for standards of design adopted by the Town for *road construction"* (emphasis added).

Reliance upon these "road" standards was improper in light of the decision of the Zoning Board of Appeals to grant the variance. Significantly, a dissenting member of the board opined that the construction of the driveway would cause dangerous rock and mud slides, devastating environmental damage to the trees, devaluation of neighboring properties and danger to the neighboring property owners' persons and property. He further claimed that emergency vehicles would not be able to "negotiate" the turn into the Private Right-of-Way, and that "when the road freezes the property [would not] not be accessible". Thus, the board was aware of these potential hazards when it granted the variance. Once a variance had been granted, the respondent was not bestowed with any discretion, but was obligated to issue the building permits as a ministerial act *(see, Matter of Filmways Communications v Douglas,* 106 AD2d 185, 186, *affd* 65 NY2d 878; *cf., Matter of Pius v Bletsch,* 70 NY2d 920, 922), and relief in the nature of mandamus was appropriate *(see, Matter of Pius v Bletsch,* 129 AD2d 799, 799-800, *revd on other grounds* 70 NY2d 920, *supra;*

2 Anderson, New York Zoning Law & Practice § 26:21, 1990 Supp, at 112 ["Mandamus will lie to require the issuance of a building permit which is a purely ministerial act and involves no use of discretion on the part of the issuing officer"]; *see also*, 12 NY Jur 2d, Buildings, Zoning and Land Controls, § 348, at 374). Accordingly, we direct the respondent building inspector to issue the building permits sought by the petitioner.

In light of the foregoing, we need not address the petitioner's remaining contentions. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.