■ In the Matter of LEWIS STEELE, Appellant, v TOWN OF SALEM PLANNING BOARD et al., Respondents. [606 NYS2d 810] — Cardona, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered November 18, 1992 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Salem Planning Board granting a request by respondent New York Cellular Geographic Service Area, Inc. for subdivision approval.

On January 28, 1992, respondents Harold E. Smith and Sally A. Smith contracted to sell five acres out of a 128-acre parcel of land they owned in the Town of Salem, Washington County, to respondent New York Cellular Geographic Service Area, Inc. (hereinafter Cellular). Cellular intended to build a communications facility on the property consisting of a steel tower and an adjacent prefabricated concrete equipment shelter. In furtherance of its plans it applied to respondent Town of Salem Planning Board (hereinafter the Board) for minor subdivision approval. In conjunction with the application, Cellular submitted a short environmental assessment form (hereinafter EAF) pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA).

The project was initially discussed at a Board meeting held February 13, 1992 at which a public hearing date was set for March 12, 1992. Prior to the March 12, 1992 meeting, Cellular

determined that the project was a type I action and accordingly submitted a long EAF which included a visual addendum. At the March 12, 1992 hearing, both proponents and opponents spoke and the Board decided to hold a special meeting on March 26, 1992 to further review the EAF. At the March 26, 1992 meeting the Board reviewed part 2 of the EAF and the visual addendum, and again received public comment. At that meeting, the Board also decided to designate itself as lead agency pursuant to SEQRA and asked Cellular to prepare a viewshed analysis for the project. The Board's final meeting on the project was May 14, 1992. The public was again permitted to comment and the Board discussed and completed the visual addendum and parts 2 and 3 of the EAF. By a vote of 5 to 0 with one abstention it was determined that the project would have no significant impact on the environment, and by a second vote of 5 to 0 with one abstention the subdivision application was approved. A negative declaration was prepared. Petitioner then commenced this proceeding seeking to annul the Board's determination. Supreme Court dismissed the petition and this appeal by petitioner followed.

Initially, we determine that the portion of this appeal challenging the Board's subdivision approval has been rendered moot by (1) the execution of an amendment to the contract between the Smiths and Cellular (hereinafter collectively referred to as respondents)* dated July 31, 1992, which increased the amount of the land to be sold from 5 to 10 acres, and (2) the Board's subsequent rescission of its prior subdivision approval. Under the Town's subdivision regulations, exempted from the definition of a subdivision, is "[a] division of land into areas of 10 acres or more not requiring any new streets". Here, by increasing the amount of the land conveyed, subdivision approval was no longer necessary. Because the Board's rescission was based upon a new set of facts, it was authorized *(see, Matter of Northbury Estates v Long Is. Light. Co.,* 47 Misc 2d 134, 136) even though it was not preceded by notice and a hearing. Such a requirement appears to be aimed at providing the applicant with notice and an opportunity to be heard *(see, e.g., Watkins v Gormley,* 59 NYS2d 747). Given that respondents, who were the applicants, themselves re-

---

* Petitioner commenced this proceeding only against the Board. Respondents were permitted to intervene and submit an answer. Their status as parties to this proceeding is no longer opposed by petitioner. Only respondents have filed a brief on this appeal and the Board is apparently relying on their arguments.

quested the action, this requirement was satisfied *(see, Matter of Reiss v Keator,* 150 AD2d 939, 941-942).

Although we have determined that the question of subdivision approval is moot, it is still necessary to decide whether the Board complied with the requirements of SEQRA when it decided to issue its negative declaration because the project was still a type I action *(see generally, Matter of Jaffee v RCI Corp.,* 119 AD2d 854, *lv denied* 68 NY2d 607). Before we turn to this issue, we first dispose of respondents' claim that petitioner lacks standing. Although petitioner lives in the Town of Jackson, Washington County, and not in the Town of Salem where the project is located, he has alleged that he lives in the immediate vicinity of the project and that it affects his scenic view. Based on his allegations, the requisite showing of standing has been made *(see, Matter of Friends of Woodstock v Town of Woodstock Planning Bd.,* 152 AD2d 876; *cf., Matter of Otsego 2000 v Planning Bd.,* 171 AD2d 258, *lv denied* 79 NY2d 753).

Petitioner first argues that the Board violated 6 NYCRR 617.5 (a) (4) by its initial failure to properly classify the project as a type I action. Insofar as the procedural requirements for a type I action were in fact complied with, the initial designation as a type II action was at most harmless error *(see, Matter of Jaffee v RCI Corp., supra).*

Next, we find that the Board properly assumed lead agency status. It was the only State agency responsible for carrying out, funding or approving the project *(see,* 6 NYCRR 617.2 [c], [t], [v]). Nor was it error for the Board not to send the Federal Communications Commission and the Federal Aviation Administration a copy of the EAF because only involved agencies are required to receive EAF copies (6 NYCRR 617.6 [c] [1]). These agencies were not "involved" insofar as they were not State agencies *(see,* 6 NYCRR 617.2 [c]; *Matter of Ferrari v Town of Penfield Planning Bd.,* 181 AD2d 149). They also had no jurisdiction concerning subdivision approval or the SEQRA issue *(see,* 6 NYCRR 617.2 [t]; *Matter of Morse v Town of Gardiner Planning Bd.,* 164 AD2d 336).

The Washington County Code Enforcement Officer also could not be considered an "involved agency". As respondents note, the Enforcement Officer had no discretion to issue permits as long as they complied with the State's Uniform Fire Prevention and Building Code *(see,* 6 NYCRR 617.2 [t]). Respondents correctly analogize to situations where the issuance of a building permit is an exempt "action" if it is ministerial

*(see,* 6 NYCRR 617.2 [q] [2]; *Incorporated Vil. of Atl. Beach v Gavalas,* 81 NY2d 322) as opposed to discretionary *(see, Matter of Pius v Bletsch,* 70 NY2d 920).

Contrary to petitioner's claims, a review of the record reveals that the Board identified the relevant areas of environmental concern, took a "hard look" and made a reasoned elaboration for the basis of its decision *(see, Akpan v Koch,* 75 NY2d 561, 570). The Board's conclusion that the project would have no significant impact on the environment is a rational one which is supported by the record *(see, Matter of Jaffee v RCI Corp., supra; see also, Matter of Hare v Molyneaux,* 182 AD2d 908). Its determination should be upheld.

We have examined and found without merit petitioner's remaining contentions.

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by dismissing as moot so much of the appeal as sought to review the determination regarding subdivision approval, and, as so modified, affirmed.