■ In the Matter of LOUIS C. DUJMICH et al., Appellants, v NEW YORK STATE FRESHWATER WETLANDS APPEALS BOARD et al., Respondents. [659 NYS2d 310] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York State Freshwater Wetlands Appeals Board dated January 29, 1991, granting a permit for the construction of a two-family house on the subject property, the appeal is from a judgment of the Supreme Court, Richmond County (Leone, J.), dated March 15, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioners' claims with respect to the determination of the New York State Freshwater Wetlands Appeals Board directing the New York State Department of Environmental Conservation (hereinafter DEC) to issue a permit authorizing the development of the subject property, and their claims with respect to the issuance of that permit are time barred *(see,* CPLR 217).

The petitioners' claims with respect to the issuance of a septic system permit by the New York City Department of Environmental Protection (hereinafter DEP), while not time barred, are meritless. The record indicates that the DEP properly determined that the proposed septic system satisfied all applicable conditions imposed by the New York State Department of Health, and that the landowners were entitled to their permit as a matter of right. Thus, review under the State Environmental Quality Review Act (ECL 8-0101 *et seq.* [SEQRA]) and the New York City Environmental Quality Review Act (Executive Order No. 91 of City of NY, Aug. 24, 1977 [CEQR]) was not required *(see, Incorporated Vil. of Atl. Beach v Gavalas,* 81 NY2d 322; *Matter of Cokertown/ Spring Lake Envtl. Assn. v Zoning Bd. of Appeals,* 169 AD2d 765; *Citizens for Preservation of Windsor Terrace v Smith,* 122 AD2d 827).

The petitioners' remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Joy, Altman and Florio, JJ., concur.