■ In the Matter of Antonio Cerro, Appellant, v Town of Kingsbury et al., Respondents. [672 NYS2d 953] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered April 4, 1997 in Washington County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition as time barred.

The gravamen of petitioner's complaint/petition is a May 26, 1992 denial by respondent Town of Kingsbury Town Board of his application to rezone his property to permit him to build a senior citizen mobile home park. Significantly, petitioner never initiated any challenge to this denial until after respondent Town of Kingsbury discovered in 1995, via an unrelated proceeding, that certain 1986 and 1987 amendments to its zoning laws were never filed with the Secretary of State as required by Municipal Home Rule Law § 27. To remedy this defect and other perceived procedural errors, the State

---

Legislature, pursuant to a home rule request by the Town, enacted special laws validating the amendments conditioned on the Town's compliance with the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) (L 1996, ch 342; L 1995, ch 583). The instant declaratory judgment action/CPLR article 78 proceeding was commenced in November 1966 against the Town, various Town Board members, present and former Town Attorneys, as well as respondents Robert D'Andrea, as a member of the Assembly, Ronald B. Stafford, as a member of the Senate and respondent Governor George E. Pataki. Respondents' motions to dismiss were granted by Supreme Court, prompting this appeal by petitioner.

To the extent that petitioner challenges the propriety of the Town Board's May 26, 1992 determination denying his rezoning application, we agree with Supreme Court that the proceeding is clearly time barred as it was not commenced within four months of the determination (see, CPLR 217 [1]). In this regard, we note that there was never any impediment to the timely discovery of the 1986 and 1987 filing errors of which petitioner now complains. Petitioner's claim that the denial of his application constituted a violation of his civil rights is also untimely because it was not asserted within three years of its accrual (see, 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 484-494, appeal dismissed and cert denied 481 US 1008).

Petitioner's challenges to the 1995 and 1996 special acts of the Legislature were appropriately dismissed as legally deficient. Specifically, petitioner's claim that these statutes are invalid because the Legislature failed to comply with SEQRA must be rejected as actions of the Legislature and the Governor are expressly deemed type II actions not subject to SEQRA review (see, 6 NYCRR 617.3 [f]; 617.5 [a], [c] [37]). Similarly, there is no merit to petitioner's claim that the statutes are unconstitutional ex post facto laws because that constitutional provision applies only to penal statutes (see generally, Kansas v Hendricks, 521 US 346, 370-371). The statutes at issue clearly do not criminalize any behavior retroactively. Nor do these statutes violate the State constitutional prohibition against incorporation by reference because that prohibition is inapplicable to curative legislation (see, Matter of Tartaglia v McLaughlin, 297 NY 419).

Moreover, to the extent that petitioner challenges the Town Board's actions in seeking passage of this curative legislation, we are mindful that public officers are appropriately immune from liability for such discretionary acts. "To fasten responsibility for damages on a public officer for the exercise of judgment

or discretion in favor of one disappointed by the result 'would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties'" (*Rottkamp v Young*, 21 AD2d 373, 375-376, *affd* 15 NY2d 831, quoting *Gregoire v Biddle*, 177 F2d 579, 581, *cert denied* 339 US 949). Likewise, petitioner's claims against present and former Town Attorneys must fail because of the absence of an attorney-client relationship between petitioner and these attorneys (*see, Deeb v Johnson*, 170 AD2d 865).

The last of petitioner's claims which merits any discussion relates to the response he received from the Town Attorney to his June 2, 1995 Freedom of Information Law request for copies of "Local Laws that have not been registered with the N. Y. Department of State". By letter dated June 7, 1995, respondent James L. La Pann informed petitioner that "There is no legislation that was proposed as a local law in the Town of Kingsbury that was not registered with the N. Y. Department of State between 1960 and the date of the request." This response was sent on the very same day that the Town Board passed a resolution authorizing the home rule request to the Legislature to correct the 1986 and 1987 deficiencies in the Town's zoning laws. To justify his response, La Pann notes in an affidavit in support of the motion to dismiss that "[t]he 1986 and 1987 changes were proposed as *ordinances*, not local laws. Hence, there have never been any local laws that were not filed" (emphasis in original).

Since "[t]he people's right to know the process of governmental decision-making and to review the documents * * * leading to determinations is basic to our society" (Public Officers Law § 84), the distinction drawn by La Pann, especially in light of the timing of the request, his response thereto and the passage of the Town Board resolution, is at best disingenuous and a distinction that we cannot sanction. However, since this proceeding was not filed within four months of the denial, Supreme Court did not err in finding that claim to be time barred as well (*see*, Public Officers Law § 89 [5] [d]). Accordingly, the judgment dismissing the complaint/petition should be affirmed in its entirety. Petitioner's remaining claims have been reviewed and rejected.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.