■ In the Matter of LIGHTHOUSE HILL CIVIC ASSOCIATION, Appellants, v CITY OF NEW YORK et al., Respondents. [712 NYS2d 558] —In a proceeding pursuant to CPLR article 78 to review (1) a determination of the City Planning Commission of the City of New York, dated November 10, 1999, which approved the application of Eger Health Care Rehabilitation Center, Inc., to modify existing topography and remove trees to allow for the construction of a three-story combination rehabilitation

center/parking facility, and (2) a determination of the Department of Buildings of the City of New York, dated November 16, 1999, which approved the application of Eger Health Care Rehabilitation Center, Inc., for a work permit for construction of a five-story, 75-bed assisted-living facility, the appeal is from a judgment of the Supreme Court, Richmond County (Mastro, J.), dated April 5, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner seeks to review two separate determinations of separate New York City agencies involving two projects on the 23-acre campus of the respondent Eger Health and Home-Care Center (hereinafter Eger) located in the Lighthouse Hill section of Staten Island. The first is a November 10, 1999, determination of the New York City Planning Commission (hereinafter CPC) which approved an application to modify existing topography and remove trees to allow for the construction of a three-story combination rehabilitation center/parking facility. The second is a November 16, 1999, determination of the Department of Buildings (hereinafter DOB) which issued a work permit for the construction of a five-story, 75-bed assisted-living facility.

The Lighthouse Hill section of Staten Island is classified as a Special Natural Area District (hereinafter SNAD). Accordingly, to take certain actions, such as the modification of topography, relocation of erratic boulders, or alteration of the botanic environment, a land owner must receive authorization from the CPC (*see,* NY City Planning Commn Rules and Regulations §§ 105-42, 105-421—105-424).

Contrary to the petitioner's contentions, the CPC approval of Eger's application, *inter alia,* to modify topography and the issuance of a work permit by the DOB were ministerial acts not subject to review under ECL article 8 (hereinafter SEQRA) as they constituted Type II actions (*see,* 6 NYCRR § 617.5 [c] [19]; *see also, Incorporated Vil. of Atl. Beach v Gavalas,* 81 NY2d 322; *Matter of Pius v Bletsch,* 70 NY2d 920, 921; *Matter of Dujmich v New York State Freshwater Wetlands Appeals Bd.,* 240 AD2d 743; *Matter of Steele v Town of Salem Planning Bd.,* 200 AD2d 870, 872-873; *Citizens for the Preservation of Windsor Terrace v Smith,* 122 AD2d 827).

In any event, the petitioner's challenge to the issuance by the DOB of the subject work permit is barred by the Statute of Limitations. In this case, the petitioner argues that the deter-

mination to issue the work permit, for the five-story assisted-living facility should be annulled because the CPC violated SEQRA by not requiring the filing of an environmental impact statement in connection with Eger's application for approval to modify the topography and botanic environment for that facility. However, the CPC determination challenged herein approved Eger's application to modify topography for the three-story rehabilitation center/parking facility. The CPC approved Eger's application to modify topography for the five-story assisted-living center on March 17, 1999. "As to such SEQRA determinations, the Statute of Limitations begins to run when the agency adopts plans committing itself to a course of action which may affect the environment" (*Matter of Monteiro v Town of Colonie,* 158 AD2d 246, 249; *see also, Matter of Young v Board of Trustees,* 89 NY2d 846, 848). Accordingly, the Statute of Limitations began to run when the CPC made its decision to approve Eger's application in connection with the assisted-living center in March 1999, not when the DOB issued the work permit. As such, the petitioner's claims with respect to the DOB's determination are time-barred (*see, Matter of Dujmich v New York State Freshwater Wetlands Appeals Bd., supra,* at 743). Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.