■ In the Matter of COMMITTEE TO SAVE WASHINGTON SQUARE, INC., et al., Appellants, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. [722 NYS2d 112] —Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered June 16, 2000 in Albany County, which, in a combined action and proceeding pursuant to CPLR article 78, denied petitioners' motion for injunctive relief and granted respondents' cross motions dismissing the petition/complaint.

In 1958, respondent New York University (hereinafter NYU) constructed the Loeb Student Center, which was located on the eastern side of a block bounded by Washington Square South, La Guardia Place, West Third Street and Thompson Street, and across the street from Washington Square Park in Manhattan. In 1998, NYU decided to demolish the Loeb Center and erect a new student center to be known as the Martin and Helen Kimmel Center for University Life (hereinafter the Kimmel Center). NYU began demolition in the fall of 1999.

In January 2000 petitioners, who are individuals residing in the area and various community groups, commenced this combined action and proceeding pursuant to CPLR article 78 against NYU and respondents Dormitory Authority of the State of New York and the City of New York seeking, *inter alia*, to enjoin construction of the Kimmel Center on the ground that respondents were not in compliance with various environmental laws and certain restrictions contained in the Washington Square Southeast Urban Redevelopment Plan (hereinafter URP). Thereafter, petitioners moved for a temporary restraining order enjoining further construction of the Kimmel Center pending the outcome of the litigation, and respondents cross-moved to dismiss the petition/complaint pursuant to CPLR 3211. Ultimately, Supreme Court granted respondents' cross motions to dismiss and this appeal ensued.

Initially, we reject petitioners' assertion that Supreme Court erred in failing to accept as true the allegations contained in the petition/complaint. While it is well settled that a court must accept the facts alleged in a complaint as true when reviewing a motion to dismiss pursuant to CPLR 3211 (*see, Cron v Hargro Fabrics*, 91 NY2d 362, 366), it is equally well settled that a court need not accept as true factual allegations that, as here, are flatly contradicted by documentary evidence (*see, Maas v Cornell Univ.*, 94 NY2d 87, 91). Critical to this litigation, with respect to NYU, is petitioners' assertion that the construction site is within the URP established in 1954 and, consequently, any construction is subject to the restrictions of said plan. However, a review of both the text and official maps of the URP, submitted in support of respondents' cross motions, makes plain that the Kimmel Center is entirely outside the geographical boundaries of the URP. Accordingly, Supreme Court was correct in determining that any restrictions contained in the URP are not applicable to construction of the Kimmel Center. Moreover, the URP expired, by its own terms, in 1994 and, therefore, the restrictions contained therein could not impair construction that was not begun until 1999.

Next, petitioners contend that a development plan submitted by NYU to the City regarding the property in question, which was formally adopted in 1967, effectively amended the URP and subjected the site to its restrictions. Again, the documentary evidence reflects otherwise. The development plan in question involved approximately 20 properties owned by NYU, including the construction site at issue. The plan was created in accordance with the Housing Act of 1949 (*see*, 42 USC § 1463 [a] [1967] [omitted 1974]), which permitted the City to obtain Federal credit for certain expenditures made by eligible institutions, such as NYU, for acquisition costs associated with properties located within, adjacent to or in the immediate vicinity of an urban renewal area. As such, adoption of the plan certainly did not amend the URP to include the Kimmel Center within its boundaries, nor did it subject NYU to any of the restrictions contained in said plan.

Next, petitioners claim that the construction project cannot proceed without an appropriate environmental review. It is true, as claimed by petitioners, that such review is required where a State agency funds a project such as the one at issue here (*see*, ECL 8-0109 [2]; PRHPL 14.09). Contrary to petitioners' assertion, however, the documentary evidence submitted in support of the cross motions clearly demonstrates that the public bonds issued by the Dormitory Authority, as well as the proceeds derived or to be derived therefrom, had nothing to do with construction of the Kimmel Center but, rather, were devoted to construction of certain residence halls and dining facilities and refinanced preexisting debt of NYU.

Finally, Supreme Court properly rejected petitioners' claim that the City was obligated to undertake an environmental review before approving NYU's building permit application. Supreme Court properly determined that pursuant to the City's Administrative Code (*see*, Administrative Code of City of NY § 27-191), NYU was entitled to an "as of right" building permit, which did not trigger any environmental review (*see*, *Citizens for Preservation v Smith*, 122 AD2d 827, 828-829). In light of the foregoing, it is unnecessary for us to consider petitioners' remaining contentions.

Cardona, P. J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.