In the Matter of SETTCO, LLC, Petitioner, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Doing Business as EMPIRE STATE DEVELOPMENT CORPORATION, et al., Respondents. [759 NYS2d 833] —Original proceeding pursuant to section 207 of the Eminent Domain Procedure Law challenging the findings and determination of respondents.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking review of respondents' determination and findings that a "public use, benefit or purpose" (EDPL 204 [B] [1]) will be served by the proposed acquisition of petitioner's property in downtown Niagara Falls for the site of a new convention and conference facility. Development of such a facility is occasioned by the recent sale and redevelopment of the nearby former convention facility for use as a gambling casino operated by the Seneca Nation of Indians (*see* L 2001, ch 383). Petitioner challenges the determination and findings on the grounds that they were not made in accordance with article eight of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) and its implementing regulations (6 NYCRR part 617), assertedly because of the improper segmentation and inadequacy of environmental review, both allegedly leading to an improper "Negative Declaration" of environmental significance. Petitioner further contends that a public use, benefit or purpose will not be served by the proposed acquisition and that petitioner lacks any assurance of receiving full and adequate compensation for the taking, thereby rendering the proposed acquisition unconstitutional.

We conclude that there was no improper segmentation of environmental review. The legally mandated conveyance of title to the former convention site for redevelopment as an Indian casino is specifically exempted from review under SEQRA as a Type II action (*see* 6 NYCRR 617.3 [f]; 617.5 [a], [c]; 617.6 [a] [1] [i]). The action involves "official acts of a min-

isterial nature, involving no exercise of discretion" (ECL 8-0105 [5] [ii]; *see* 6 NYCRR 617.2 [w]; 617.5 [c] [19]; *see also Matter of Lighthouse Hill Civic Assn. v City of New York,* 275 AD2d 322, 323 [2000], *lv denied* 95 NY2d 768 [2000]; *Citizens for Preservation of Windsor Terrace v Smith,* 122 AD2d 827, 828 [1986]; *see generally Incorporated Vil. of Atl. Beach v Gavalas,* 81 NY2d 322, 325-326 [1993]). Further, the conveyance is an action "of the Legislature and the Governor of the State of New York" (617.5 [c] [37]; *see Matter of Citizens for an Orderly Energy Policy v Cuomo,* 78 NY2d 398, 415 [1991], *rearg denied* 79 NY2d 851 [1992]; *Matter of Cerro v Town of Kingsbury,* 250 AD2d 978, 979 [1998], *appeal dismissed* 92 NY2d 875 [1998], *lv denied* 92 NY2d 812 [1998]; *see generally Matter of West Vil. Comm. v Zagata,* 242 AD2d 91, 98-99 [1998], *lv denied* 92 NY2d 802 [1998]). Given the exemption of the casino project from environmental review under SEQRA, respondents properly considered the impacts of the acquisition of the subject property and the relocation of the convention center activities apart from the impacts of the casino project. In any event, even assuming the applicability of SEQRA to both projects, we conclude that the two projects are sufficiently independent of one another as to be separately reviewable (*see Matter of Noslen Corp. v Ontario County Bd. of Supervisors,* 295 AD2d 924, 925-926 [2002]; *Matter of Iroquois Cent. School Dist. v Zagata,* 241 AD2d 945, 946 [1997]). The "actions" or "projects" in question are distinct and are not merely separate parts "of a set of activities or steps" in a single action or project (617.3 [g]; *see* 617.2 [ag]). "Where, as here, projects are independent of each other and are not part of an integrated or cumulative development plan," and "their only common element is their general location," "the projects may be reviewed separately and are not subject to a claim of improper segmentation," nor is "cumulative analysis" of the two projects required (*Matter of Forman v Trustees of State Univ. of N.Y.,* 303 AD2d 1019, 1020 [2003]; *see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Brookhaven,* 80 NY2d 500, 513-515 [1992]).

With respect to the alleged inadequacy of the environmental review of the proposed acquisition and new convention center project, we conclude that respondents identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for their determination of no environmental significance (*see Matter of Kahn v Pasnik,* 90 NY2d 569, 574 [1997]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688 [1996]; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417 [1986]). We thus conclude that the negative declaration was

not made in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see Kahn,* 90 NY2d at 574; *Gernatt Asphalt Prods.,* 87 NY2d at 688; *Akpan v Koch,* 75 NY2d 561, 570 [1990]).

Respondents properly determined that "a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C] [4]; *see* 204 [B] [1]; *Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718, 720-721 [1989]; *Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency,* 301 AD2d 292 [2002], *lv denied* 99 NY2d 508 [2003]; *Matter of Bergen Swamp Preserv. Socy. v Village of Bergen,* 294 AD2d 827, 827-828 [2002]; *Matter of Bendo v Jamestown Urban Renewal Agency,* 291 AD2d 859 [2002], *lv denied* 98 NY2d 603 [2002]). We have considered petitioner's remaining contention and conclude that it is without merit. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.