In the Matter of CUSTOM TOPSOIL, INC., et al., Appellants-Respondents, v CITY OF BUFFALO et al., Respondents-Appellants, and FLEXO TRANSPARENT, INC., et al., Intervenors-Respondents-Appellants. [785 NYS2d 637]—

Appeal and cross appeals from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 27, 2004 in a proceeding pursuant to CPLR article 78. The judgment denied the petition, but permitted the parties to amend and supplement their papers upon completion of further proceedings and exhaustion of administrative remedies.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking, inter alia, to annul a determination either denying or refusing to process the application of petitioner Custom Topsoil, Inc. for a use permit (*see* Buffalo City Code § 511-116 [B]) allowing it to engage in rock, stone and concrete crushing operations on a site in respondent City of Buffalo (City). The application for a use permit followed the issuance of an order in a related action concluding, inter alia, that such a permit was required, and this Court has affirmed that order (*Custom Topsoil v City of Buffalo* [appeal No. 3], 12 AD3d 1164 [2004]).

With respect to petitioners' appeal, we conclude under the circumstances that the issuance of a use permit under the Buffalo City Code may not be characterized as a ministerial or nondiscretionary act on the part of City officials. Concrete crushing is not among the listed permitted uses of property in an M2 zone (*see* § 511-48 [B] [4]). Nor can we conclude on this record that concrete crushing is, necessarily and as a matter of law, a

permitted "equivalent" use under Buffalo City Code § 511-48 (B) (15). We are unable to determine on the record before us whether concrete crushing in general, or the proposed operations of petitioners in particular, would or might "become hazardous, noxious or offensive . . . by reason of the emission of odor, dust, smoke, . . . fumes, noise, vibration, . . . or water-carried waste" (*id.*). We note, in any event, that a determination of that issue would involve an exercise of discretion by City officials.

In accordance with the foregoing, we conclude that petitioners are not entitled to a writ of mandamus. They failed to demonstrate that they have a clear legal right, as a ministerial matter, to a use permit authorizing them to carry out their crushing operations at the site (*see Matter of Savastano v Prevost*, 66 NY2d 47, 50 [1985], *rearg denied* 66 NY2d 1036 [1985]; *Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). Further, we conclude that the ultimate granting or denial of the use permit application would be an agency action subject to the State Environmental Quality Review Act ([SEQRA] ECL art 8). In that regard, it is well established that, where a municipal officer has a latitude of choice that takes into account the kinds of environmental concerns that may be raised during the SEQRA process, the official's function is discretionary and thus is subject to SEQRA review (*see Incorporated Vil. of Atl. Beach v Gavalas*, 81 NY2d 322, 325-327 [1993]; *Matter of Pius v Bletsch*, 70 NY2d 920, 922 [1987]; *Matter of Filmways Communications of Syracuse v Douglas*, 106 AD2d 185, 186 [1985], *affd* 65 NY2d 878 [1985]). We reject the contention of the intervenors that, once the City had filed its notice of appeal in the declaratory judgment action (*see Custom Topsoil* [appeal No. 3], 12 AD3d 1164 [2004]), petitioners were barred from seeking a use permit.

Contrary to petitioners' contention, the City did not fail to take the requisite hard look at the environmental impacts of its Urban Renewal Plan (URP), and thus the City did not act arbitrarily and capriciously or abuse its discretion in issuing a negative declaration (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *Matter of Lloyd v Town of Greece Zoning Bd. of Appeals* [appeal No. 1], 292 AD2d 818, 819 [2002], *lv dismissed in part, denied in part* 98 NY2d 691 [2002], *rearg denied* 98 NY2d 765 [2002]; *see also Matter of Kahn v Pasnik*, 90 NY2d 569, 574 [1997]). Also contrary to petitioners' contention, the City did not engage in improper segmentation in conducting its environmental review of the project (*see Matter of Fleckenstein v Town of Porter*, 309 AD2d

1188, 1190 [2003], *lv denied* 1 NY3d 509 [2004]; *Matter of Settco, LLC v New York State Urban Dev. Corp.*, 305 AD2d 1026 [2003], *lv denied* 100 NY2d 508 [2003]).

We reject the contention of respondents on their cross appeal that Supreme Court issued an "advisory opinion" (*see generally Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]; *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529-530 [1977]).

Concerning the cross appeal by the intervenors, we reject their contention that the court should have dismissed the petition on the ground that petitioners had failed to exhaust their administrative remedies (*see Matter of Gerard v Section III of N.Y. State Pub. High School Athletic Assn.*, 210 AD2d 938, 939 [1994]; *cf. Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret*, 286 AD2d 906, 908 [2001]; *Matter of Preservation Assn. of Cent. N.Y. v Marcoccia*, 284 AD2d 948 [2001]). Finally, we note that the intervenors improperly contend for the first time on appeal that petitioners lacked standing to challenge the adoption of the URP on SEQRA grounds, and thus that contention is not properly before us (*see Killeen v Crosson*, 284 AD2d 926, 927 [2001]; *Sovik v Healing Network*, 244 AD2d 985, 988 [1997]). Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.