# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**113**

**CA 11-01514**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOHN MULLIGAN, MARION PITCHER,
VINCENT CASALARE, JAMES CASALARE, RUTH CASALARE,
KARIN LANGE, MARTIN HARDING AND BRENDA HARDING,
PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

DIAMOND DREAMS AT COOPERSTOWN LTD., COOPERSTOWN
PROPERTY GROUP LLC, TOWN OF WARREN TOWN BOARD
AND MITCHELL VANWINKLER, SOLELY IN HIS CAPACITY
AS TOWN OF WARREN CODE ENFORCEMENT OFFICER,
RESPONDENTS-RESPONDENTS.

---

DOUGLAS H. ZAMELIS, MANLIUS, FOR PETITIONERS-APPELLANTS.

HISCOCK & BARCLAY, LLP, SYRACUSE (ANDREW J. LEJA OF COUNSEL), FOR
RESPONDENT-RESPONDENT DIAMOND DREAMS AT COOPERSTOWN LTD.

---

Appeal from a judgment (denominated order) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered April 25, 2011 in a proceeding pursuant to CPLR article 78. The judgment denied the first cause of action of petitioners.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the first cause of action in the petition is granted.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, in their first cause of action, to annul all determinations of respondent Town of Warren Town Board (Town Board) purportedly made pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8). We agree with petitioners that Supreme Court erred in refusing to grant the relief sought in the first cause of action and thus that reversal is required. As petitioners correctly contend, the Town Board was ineligible to act as lead agency for SEQRA purposes. SEQRA requires an environmental impact statement to be prepared by agencies "on any *action* they propose or approve which may have a significant effect on the environment" (ECL 8-0109 [2] [emphasis added]). An "action" includes a project "involving the issuance to a person of a lease, permit, license, certificate or other entitlement for use or permission to act by one or more agencies" (ECL 8-0105 [4] [i]). However, an "action" does not include "official acts of a ministerial nature, involving no exercise of discretion" (ECL 8-0105 [5] [ii; *see* 6 NYCRR 617.2 [w]; 617.5 [c] [19]). Thus,

ministerial official acts are not subject to SEQRA review.

Here, the developer of the real estate project in question applied to various state agencies for permits, and those agencies allowed the Town Board to act as lead agency for SEQRA review. The Town Board, however, did not have authority to issue any approvals for the project, and it therefore was without jurisdiction to act as lead agency under SEQRA (*see* 6 NYCRR 617.2 [s], [u]). Respondents failed to specify any section of the Town of Warren Code or any regulation under which the Town Board was acting when it reviewed this project. At most, the Town Board or respondent Town of Warren Code Enforcement Officer issued the building permits based on compliance with a conventional building code, which is not enough to trigger the Town Board's authority to act as lead agency under SEQRA (*see Matter of Steele v Town of Salem Planning Bd.*, 200 AD2d 870, 872-873, *lv denied* 83 NY2d 757; *Matter of Cokertown/Spring Lake Envtl. Assn. v Zoning Bd. of Appeals of Town of Milan*, 169 AD2d 765, 767; *see generally Incorporated Vil. of Atl. Beach v Gavalas*, 81 NY2d 322, 326).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court