TELIMAR HOMES, INC., Respondent, v. THEODORE J. MILLER et al., Constituting the Planning Board of the Town of Southeast, et al., Appellants.—

Plaintiff, a builder, acquired the subject realty for subdivision and development pursuant to a single over-all plan for the entire tract. The fact that the land was acquired for the development of a single integrated project was then and prior to the amendment of the zoning ordinance, repeatedly and definitely made known to various members of the Town Planning Board, Town Board and Zoning Commission as well as to the Town Supervisor — several of such members being defendants in this action. At the time the land was purchased, the local zoning ordinance required a minimum building lot of 10,000 square feet (quarter acre), with an 80-foot width. Thereafter, to facilitate orderly financing, development and selling, the tract was divided into four sections. The map of the first section, providing for quarter-acre lots, with 80-foot width, was approved by defendants. After such approval, roads were constructed, surveys and percolation tests were made, plans were prepared, model homes were built, and grade and drainage studies were

made — all on the basis that it was a single; over-all project. The Veterans' Administration granted site approval for the development as a single project. A water company was organized and construction of a water works, to cost $260,000, was commenced; it was planned to accommodate 500 homes — the number that could be built on quarter-acre lots on the entire tract. Thereafter, the map of the second section providing (like the first) for quarter-acre lots, was approved by defendants. Shortly after its approval, the zoning ordinance was amended to require minimum lots of a half-acre in that area. After this amendment, plaintiff submitted maps of the third and fourth sections, providing (like the first two) for quarter-acre building lots. Defendant Planning Board disapproved these last maps by reason of noncompliance with the amended ordinance. Plaintiff then brought this action for a judgment declaring that it has a vested nonconforming use in the entire tract. It is clear from this record that the water system, roads, drainage system, model house construction and advertising were laid out and designed for the benefit of all four sections developed as a single, over-all tract; that they would have been laid out and treated on an entirely different basis if the development of each section were to be separate; and that, prior to the zoning amendment, substantial construction had been commenced and substantial expenditures had been made in partial development of sections three and four, as well as sections one and two. Hence, plaintiff acquired a vested right to a nonconforming use as to the entire tract (see *Elsinore Prop. Owners Assn.* v. *Morwand Homes,* 286 App. Div. 1105). Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.