In the Matter of DOUGLAS O. JAMES et al., Appellants, v TOWN OF NEW HARTFORD et al., Respondents.

Fourth Department, October 31, 1975

248

*Wolfe, Kalil & Levitt (John Kalil* of counsel), for appellants.

*Davies Johnson (Earle C. Bastow* of counsel), for respondents.

DEL VECCHIO, J. Petitioners appeal from a judgment dismissing the petition in this proceeding instituted under CPLR article 78 to compel the Town Board of the Town of New Hartford to rezone a parcel of land on which petitioners operate a restaurant from Residential to Commercial B-1. We believe the disposition by Special Term was correct and accordingly affirm the judgment.

A restaurant had been operated on the subject premises for some time prior to the enactment of the Town of New Hartford Zoning Ordinance in 1952, and it thereupon became a nonconforming use, the continuance of which was protected by section 28 of the ordinance, subject however to several restrictions against expansion, alteration or restoration of the property. Specifically, restoration of any building nonconforming as to use which was damaged by fire or other causes to the extent of more than 50% of fair value was prohibited.

In 1957 the then owners of the premises applied for and received from the zoning board of appeals a variance "so as to permit the use of said property for restaurant purposes and the erection thereon of any buildings, fixtures or other facilities necessary in connection therewith", subject to several stated restrictions and conditions. Thereupon the owners constructed a new restaurant building on the premises and a

restaurant continued to be operated there, first by the applicants for the variance, then by petitioners, their successors in title. More recently petitioners have sought to sell the property and business but have lost at least one prospective sale because the buyer was unwilling to consummate the sale under the belief that, in the event of serious damage by fire, the ordinance restriction on restoration of buildings devoted to nonconforming uses would prevent reconstruction. By affidavit a real estate salesman has stated that he has found the same unwillingness among other prospective buyers he has approached.

Petitioners assert that by reason of the restriction on restoration of substantially damaged buildings devoted to nonconforming uses to which they allege the zoning ordinance subjects their property, the value of the premises is so diminished that an unconstitutional deprivation of property is accomplished by the ordinance as applied to them. They therefore seek to compel the town board, which has denied their application, to rezone the land in question such that the restaurant may be a conforming use and thus be relieved from any restriction on restoration of buildings devoted to nonconforming uses which are substantially damaged.

Underlying this proceeding and the relief requested is the assumption that the restaurant carried on at petitioners' location is in fact a nonconforming use subject to the restriction on restoration. However, the record precludes any such assumption. While the restaurant in operation at the site on the date of the zoning ordinance's adoption in 1952 became with the adoption of the ordinance a nonconforming use, that status did not continue beyond the issuance of a use variance in 1957 and the subsequent erection of a new building in accordance therewith. "Commencement of the nonconforming use prior to the effective date of the restrictive zoning ordinance is a definitional requisite of a nonconforming use" (1 Anderson, New York Zoning Law and Practice, 2d ed, § 6.01, pp 164–165). Section 28 of the New Hartford Zoning Ordinance, which imposes the restrictions on nonconforming uses, employs the term "nonconforming use" to describe "the lawful use * * * of any land or building existing at the time of adoption of this Local Law". Under these definitions the nonconforming use in existence at the time the ordinance went into effect has been replaced by a use pursuant to the variance granted by the zoning board of appeals in 1957.

That use, authorized by the variance, included elements not permitted in the case of the nonconforming use (e.g., major alteration of the structure) and carried with it conditions and restrictions to which the owners could not have been made subject as enjoyers of a nonconforming use (e.g., specified paved area and plantings). When they received and acted in reliance upon the variance for which they had applied, by constructing a new restaurant building, their use ceased to be a nonconforming use and became a use pursuant to the variance.

The variance was not limited in time by its terms and the owners acquired a vested right in it by the work undertaken and the expense incurred in reliance upon it *(Matter of Mendozza v Board of Zoning Appeals,* 30 AD2d 863). Moreover, the use pursuant to it was not subject to the zoning ordinance restriction on restoration of heavily damaged structures. "It should be noted that a building constructed under a variance is not a nonconforming use within the meaning of ordinances limiting nonconforming buildings and uses. Hence, a building which does not conform to the use restrictions of the area in which it is located, but which was constructed pursuant to a variance, may be altered without regard to limitations on the alteration of nonconforming buildings" (1 Anderson, New York Zoning Law and Practice, 2d ed, § 6.37, p 223, n 2).

Petitioners' property is therefore unaffected by the ordinance restriction of which they complain, and no question of the constitutionality of the ordinance provision as applied to petitioners' premises is before us. Accordingly, Special Term properly declined to convert this article 78 proceeding to a declaratory judgment action—the usual vehicle for challenging constitutionality of a zoning ordinance—and dismissed the proceeding. The judgment should be affirmed.

MARSH, P. J., MOULE, SIMONS and MAHONEY, JJ., concur.

Judgment unanimously affirmed, without costs.