■ PHILOMENA VALENTINE, Respondent, v JAMES M. SMITH, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered August 6, 1981 in Schenectady County, upon a decision of the court at Trial Term (Cerrito, J.), without a jury. This action was commenced pursuant to article 15 of the RPAPL to compel the determination of a claim to real property. Plaintiff's property is contiguous to that owned by defendant. The complaint alleges that defendant encroached upon plaintiff's land. The proof showed that defendant constructed a number of improvements on his property. Plaintiff produced a licensed surveyor who testified that, according to a survey made under his supervision, among these improvements were a garage built in 1969, a chain link fence, a wooden fence, and a wooden garden shed constructed in 1978, all of which encroached upon plaintiff's land to some degree. The trial court awarded judgment to plaintiff declaring her to be the owner of the property in dispute in fee simple and directing defendant to remove the encroachments. This appeal followed. Defendant's assertion that the complaint fails to comply with the requirements prescribed by section 1515 of the RPAPL is without merit. Under section 1515 (subd 1, par a) of that statute, the complaint must set forth facts showing: "[t]he plaintiff's estate or interest in the real property, the particular nature of such estate or interest, and the source from or means by which the plaintiff's estate or interest immediately accrued to him". Subdivision 2 of section 1515 provides, insofar as pertinent: "The complaint must describe the property claimed with common certainty, by setting forth the name of the township or tract and the number of the lot, if there is any, or in some other appropriate manner, so that from the description

possession of the property claimed may be delivered where the plaintiff is entitled thereto". Defendant argues the complaint does not conform to these requirements because the land described in Exhibit A, attached to the complaint, does not relate to the alleged encroachment. Defendant, however, overlooks Exhibit C, attached to the complaint, which contains a description of the property upon which defendant allegedly encroached. The complaint states that the parcel of land in Exhibit C is "the subject of this proceeding". Exhibit C describes the property with the requisite particularity (see RPAPL 1515, subd 2). This parcel of land was alleged to have been acquired by plaintiff along with other property by deed dated June 30, 1964, which deed was offered as proof at the trial and introduced into evidence. Defendant's contention that the surveyor was improperly permitted to testify to the survey and authenticate the survey map produced under his supervision because "he did not participate in the survey" is rejected. The survey was conducted under his direct supervision. He participated in a substantial way in the preparation of the survey. He was present during the taking of some of the readings, although not all of them. He evaluated the measurements of the field crew by computer to insure that all the courses were mathematically closed and the survey was based on his examination of the parties' deeds. Moreover, he prepared the survey map based on these findings. His opinion was thus based on facts personally known to him (see *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 364) and he was properly permitted to authenticate the survey map (see *Clegg v Metropolitan St. Ry. Co.*, 1 App Div 207, affd 159 NY 550). We have considered defendant's other contentions of error relating to the sufficiency of the proof produced by plaintiff and the trial court's exclusion of certain items of evidence offered by defendant and find them to be without merit. The items were excluded on the basis of their lack of relevancy and not, as contended by defendant, on hearsay or authenticity grounds. The judgment of the trial court should, therefore, be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.