■ D.B.C.G., INC., Respondent, v TOWN OF RAMAPO, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the Town of Ramapo to issue a building permit to petitioner so that renovations could be made to its property in order to operate a residence for the mentally retarded under the provisions of the Mental Hygiene Law, the town appeals (by permission) from so much of an order of the Supreme Court, Rockland County (Meehan, J.), entered February 25, 1983, as, *inter alia,* denied its motion to dismiss the petition in its entirety and directed it to submit an answer. This appeal brings up for review so much of an order of the same court, entered June 1, 1983, as, upon reargument, adhered to its original determination. Appeal from the order entered February 25, 1983, dismissed, without costs or disbursements. That order was superseded by the order entered June 1, 1983, granting reargument. Order entered June 1, 1983 modified, on the law, by adding provisions thereto modifying the order entered February 25, 1983 by joining the Building Inspector of the Town of Ramapo as a party respondent and directing petitioner to serve a supplemental petition and notice of petition to that effect, and by severing petitioner's claim against the town pursuant to section 40-d of the Civil Rights Law and converting said claim into a plenary action to be proceeded upon separately. As so modified, order affirmed insofar as reviewed, without costs or disbursements. A proceeding pursuant to CPLR article 78 to compel a body or officer to perform a duty imposed upon him by law must be brought against the body or officer whose performance is sought (CPLR 7803). Here, the Town of Ramapo authorized the building inspector to issue permits under sections 137 and 138 of the Town Law. Petitioner's relief can come only from the building inspector, and not from the town itself (see, e.g., *Matter of D.J.R. Dev. Corp. v Town Bd.,* 47 AD2d 986, 987; *Matter of Teschner v Town of Pittsford,* 129 NYS2d 803, affd 285 App Div 851). As the court may add parties at any stage of the proceeding pursuant to CPLR 1003, petitioner is directed to serve a supplemental notice of petition and petition which name the building inspector as a party. Because it appears that a question may arise concerning the validity of the town's zoning ordinances, in that they may conflict with subdivision (f) of section 41.34 of the Mental Hygiene Law, the petition shall not be dismissed as to the town (see *Matter of Ozols v Henley,* 81 AD2d 670; *Matter of Natchev v Klein,* 45 AD2d 725). While the Supreme Court correctly determined that petitioner could seek relief against the town under section 40-d of the Civil Rights Law, we are of the opinion that such a claim is not properly raised in a proceeding pursuant to CPLR article 78, and have ordered it to be severed (CPLR 7803, 7806, 1003). O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.