■ JOHN C. TESONE et al., Respondents, v DEBORAH A. HOFFMAN, Appellant. [923 NYS2d 704]—

In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property and for injunctive relief, the defendant appeals from an order of the Supreme Court, Dutchess County (Wood, J.), dated December 20, 2010, which denied her cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and to vacate an ex parte temporary restraining order contained in an order to show cause of the same court dated May 13, 2010.

Ordered that the order dated December 20, 2010, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was to vacate the ex parte temporary restraining order and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The parties, who own adjoining property, are disputing the boundary between their two parcels of real property. The amended complaint asserts a cause of action to fix a "practical location" of a boundary line, by which the plaintiffs seek, inter alia, a judgment declaring them to be the lawful fee owners of a strip of disputed land. The amended complaint describes the disputed land as being bounded by a fence, a basketball pole, certain trees, and other markers. The plaintiffs moved, by order to show cause, for a preliminary injunction prohibiting the defendant from taking any steps to remove, damage, destroy, or

cut any trees or vegetation located on the disputed land, pending the outcome of the litigation. In the order to show cause, the Supreme Court temporarily restrained the defendant from engaging in that conduct pending hearing and determination of the motion for a preliminary injunction. The defendant cross-moved to dismiss the amended complaint pursuant to, inter alia, CPLR 3211 (a) (7), on the ground that the pleading fails to state a cause of action, as it does not describe the location of the disputed property with the requisite particularity mandated by RPAPL 1515. In the same cross motion, the defendant sought to vacate the ex parte temporary restraining order.

In the order appealed from, dated December 20, 2010, the Supreme Court denied the defendant's cross motion in all respects. We modify.

"Practical location of a boundary line, to be effectual, 'must be an act of the parties, either express or implied; and it must be mutual, so that both parties are equally affected by it. It must be definitely and equally known, understood and settled. If unknown, uncertain, or disputed, it cannot be a line practically located' " (*Adams v Warner*, 209 App Div 394, 397 [1924], quoting *Hubbell v McCulloch*, 47 Barb 287, 299 [1866]). While CPLR 3016 does not require such a cause of action to be pleaded with particularity, RPAPL 1515 (2) requires the complaint asserting that cause of action to "describe the property claimed with common certainty." The "common certainty" standard is met if, from the complaint's description of the disputed property location, it may be delivered to the party entitled to possession (*see Valentine v Smith*, 90 AD2d 919, 919-920 [1982]). Here, the Supreme Court correctly determined that the amended complaint adequately described land fixtures and monuments forming the practical location of the alleged boundary line. The defendant's remaining arguments for dismissal fail since we must accept the allegations of the amended complaint as true and accord them the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Datena v JP Morgan Chase Bank*, 73 AD3d 683, 684 [2010]). We note, however, that our determination is not intended to imply that we believe that the plaintiffs will ultimately be successful in this action.

The plaintiffs' motion for a preliminary injunction has not been decided. Nonetheless, the plaintiffs should not have received the benefit of a temporary restraining order. The initial temporary restraining order, set forth in the order to show cause by which the plaintiffs initiated their motion for a preliminary injunction, should not have been granted ex parte since the

plaintiffs failed to allege or demonstrate "significant prejudice to the party seeking the restraining order by the giving of notice" (22 NYCRR 202.7 [f]). Moreover, on this record, the plaintiffs have not demonstrated a right to a temporary restraining order since their submissions did not show the danger of "immediate and irreparable injury, loss or damages" if the temporary restraining order were not granted (CPLR 6313 [a]). Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was to vacate the ex parte temporary restraining order contained in the order to show cause dated May 13, 2010. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.