■ DOVER GOURMET CORPORATION, Appellant, v NASSAU HEALTH CARE CORPORATION, Also Known as NUHEALTH, Respondent. [933 NYS2d 574]—

To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623 [2011]; *S.J.J.K. Tennis, Inc. v Confer Bethpage, LLC*, 81 AD3d 629 [2011]; *Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 60 AD3d 666, 667 [2009]). The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Rowland v Dushin*, 82 AD3d 738 [2011]; *Trump on the*

*Ocean, LLC v Ash*, 81 AD3d 713, 715 [2011]; *City of Long Beach v Sterling Am. Capital, LLC*, 40 AD3d 902 [2007]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction. Mastro, J.P., Florio, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33353(U).]**