■ In the Matter of NORA LUCAS et al., Respondents, v BOARD OF APPEALS OF VILLAGE OF MAMARONECK et al., Appellants, et al., Respondents. [941 NYS2d 204]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Appeals of the Village of Mamaroneck dated January 3, 2008, which denied, by operation of law, the petitioners' administrative appeal from the issuance of a building permit dated July 6, 2007, for the construction of a single-family dwelling on a lot designated as 609 Brook Street, and the issuance of a certificate of occupancy issued for the same dwelling dated July 28, 2008, and, in the nature of mandamus to compel the revocation of the building permit and the certificate of occupancy, the Board of Appeals of the Village of Mamaroneck, Clark Neuringer, George Mgrditchian, Mauro Gabriele, Gregory Sullivan, and Peter Jackson appeal, as limited by their notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cohen, J.), entered October 6, 2009, as, in effect, granted those branches of the petition which were to annul the denial of the petitioners' administrative appeal from the issuance of the building permit and the certificate of occupancy and to compel the revocation of the building permit and the certificate of occupancy, and Benmar Properties, LLC, separately appeals, as limited by its brief, from so much of the same order and judgment as, in effect, granted those branches of the petition which were to annul the denial of the petitioners' administrative appeal from the issuance of the building permit and the certificate of occupancy and to compel the revocation of the building permit and the certificate of occupancy, and granted the petitioners' motion pursuant to CPLR 7805 to stay enforcement of the building permit and certificate of occupancy to the extent of prohibiting it, its agents, attorneys, employees, representatives, and all persons acting in concert with them, from conveying the lot to anyone other than Benedict A. Salanitro or Franca Salanitro.

Ordered that the order and judgment is modified, on the law,

(1) by deleting the provision thereof granting the petitioners' motion pursuant to CPLR 7805 to stay enforcement of the building permit and the certificate of occupancy to the extent of prohibiting Benmar Properties, LLC, its agents, attorneys, employees, representatives, and all persons acting in concert with them, from conveying the lot to anyone other than Benedict A. Salanitro or Franca Salanitro, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof granting that branch of the petition which was to compel the revocation of the building permit and the certificate of occupancy and substituting therefor a provision denying that branch of the petition, without prejudice to renewal upon the proper joinder of the Director of Buildings of the Village of Mamaroneck as a party respondent; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the joinder of the Director of Buildings of the Village of Mamaroneck as a party respondent, should the petitioners be so advised, and a new determination thereafter on that branch of the petition which was to compel the revocation of the building permit and the certificate of occupancy.

The petitioners, who reside near or adjacent to the parcel of real property that is the subject of this proceeding, allege that the Director of Buildings of the Village of Mamaroneck (hereinafter the Director) improperly issued a building permit and a certificate of occupancy to Benmar Properties, LLC (hereinafter Benmar), in connection with the construction of a single-family dwelling on the portion of the subject premises designated as 609 Brook Street. By Resolution dated January 3, 2008, the Board of Appeals of the Village of Mamaroneck (hereinafter the BOA) denied, by operation of law, the petitioners' administrative appeal from the issuance of the building permit and the certificate of occupancy issued in connection therewith. The petitioners then commenced the instant proceeding pursuant to CPLR article 78, inter alia, to review the BOA's determination, and to compel the revocation of the building permit and the certificate of occupancy. The Supreme Court, among other things, in effect, granted those branches of the petition which were to annul the BOA's denial of the administrative appeal and to compel revocation of the building permit and the certificate of occupancy.

Contrary to the petitioners' contention, Benmar, the BOA, and the individual members of the BOA (hereinafter collectively the appellants) are aggrieved by the order and judgment (*see Mixon v TBV, Inc.*, 76 AD3d 144 [2010]).

There is no merit to the appellants' contentions that the petition should be dismissed as time-barred, barred by collateral estoppel, or as academic in light of the completion of the construction at issue.

Benmar owns a large parcel of real property located at 601 Brook Street (hereinafter the parent parcel), in the Tompkins Farm community, which is situated in an R-5 residential district, and improved by a single-family dwelling. Benmar sought to subdivide the parent parcel in order to create two separate buildable lots pursuant to Code of the Village of Mamaroneck (hereinafter Village Code) § 342-11 (D). The proposed resultant lot on which the existing dwelling was situated continued to be designated as 601 Brook Street, while the proposed unimproved resultant lot was designated as 609 Brook Street.

Pursuant to Village Code § 342-11 (D), "[w]here a lot is formed hereafter from part of a lot already occupied by a building, such separation shall be effected in such manner as not to impair conformity with any of the requirements of this chapter with respect to the existing building and all yards and other required spaces in connection therewith; and no permit shall be issued for the establishment of a land use or the erection of a building on the new lot thus created unless all the requirements of this chapter are complied with by such new lot." Since the proposed unimproved lot designated as 609 Brook Street failed to comply with the schedule of minimum zoning requirements for lots in an R-5 district pursuant to Village Code § 342-27, Benmar sought an area variance in order to permit the subdivision. In a resolution dated May 9, 2006, the BOA granted this variance. However, in an order and judgment (one paper) dated January 10, 2007, the Supreme Court annulled the resolution dated May 9, 2006, in its entirety, including the BOA's finding that the proposed resultant lot designated as 601 Brook Street was a fully conforming lot under Village Code § 342-27. Specifically, the Supreme Court concluded that the BOA's determination that the proposed resultant lot at 601 Brook Street was a fully conforming lot was in direct contradiction to a 1991 determination of the BOA (hereinafter the 1991 determination) that denied applications for area variances sought by the prior owners of the parent parcel necessary to permit subdivision of that parcel that were virtually identical to the variances sought by Benmar. Moreover, although Benmar sought to remedy the zoning deficiencies with respect to the proposed unimproved resultant lot designated as 609 Brook Street, absent the grant of variances for the deficiencies remaining with respect to the proposed improved resultant lot designated as 601 Brook Street, no

subdivision could be permitted. The Supreme Court also concluded that, without a valid subdivision of the parcel into two separate zoning-compliant lots, it was error for the Director to issue a building permit to erect a structure at 609 Brook Street, since only one dwelling may be situated on any given parcel, the parent parcel had not been subdivided, and upon the judicial annulment of the area variance, the proposed unimproved resultant lot was not in compliance with applicable zoning requirements (*see* Village Code § 342-21 [A]).

"A court reviewing a CPLR article 78 petition may not disturb the decision of a municipal body charged with determining land use questions unless that body's decision is arbitrary and capricious, lacks a rational basis, or is an abuse of discretion" (*Matter of Fuentes v Planning Bd. of the Vil. of Woodbury*, 82 AD3d 883, 883 [2011]). The BOA's denial of the petitioners' administrative appeal from the issuance of the building permit and the certificate of occupancy was arbitrary and capricious in light of the 2007 order and judgment annulling the grant of the area variance, as well as the BOA's failure to provide a rational explanation for reaching a result different from the 1991 determination on virtually identical facts (*see generally Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville*, 69 AD3d 940, 942 [2010]).

Moreover, it is undisputed that the proposed resultant parcel designated as 601 Brook Street is a corner lot, abutting both Brook Street and Beach Avenue (*see* Village Code § 342-3), and that it has front-yard setback and lot-depth deficiencies when measured from the Brook Street side (*see* Village Code § 342-27). The appellants erroneously contend that this parcel, when measured from Beach Avenue, conforms to the applicable setback requirements, since a corner lot is deemed to have two front yards, two side yards, and no rear yard (*see* Village Code § 342-3). Village Code § 342-27 mandates, however, that both front yards must be conforming. Here, only the front yard on Beach Avenue is conforming. Alternatively, although Benmar could have elected either Brook Street or Beach Avenue as the front-lot line (*see* Village Code § 342-3), the resultant lot designated as 609 Brook Street, which, as proposed, has one front yard at Beach Avenue, two side yards, and one rear yard, has rear-yard setback deficiencies as well (*see* Village Code § 342-27). Thus, absent the grant of valid variances for the two resultant parcels, no valid subdivision of the parcel can be effected. As no such valid variances have been granted, the BOA's denial of the petitioners' administrative appeal from the issuance of the building permit and the certificate of occupancy was

error. Accordingly, the Supreme Court correctly granted that branch of the petition which was to annul that determination.

Nonetheless, in a proceeding pursuant to CPLR article 78 which seeks to compel a body or officer to perform a duty imposed by law, the proceeding must be commenced against the body or officer whose performance is sought (*see* CPLR 7803). The petitioners sought to compel the BOA to revoke the building permit and the certificate of occupancy. However, only the Director is empowered to do so (*see* Village Code §§ 126-7, 126-12, 126-15). Thus, the petitioners should have named and joined the Director as a party to this proceeding (*see Ferrick v State of New York*, 198 AD2d 822 [1993]; *D.B.C.G., Inc. v Town of Ramapo*, 97 AD2d 533 [1983]). As such, the Supreme Court should have denied that branch of the petition which was to compel the revocation of the building permit and the certificate of occupancy, albeit without prejudice to the proper joinder of the Director, should the petitioners be so advised (*see D.B.C.G., Inc. v Town of Ramapo*, 97 AD2d 533 [1983]).

Finally, the Supreme Court granted the petitioners' motion pursuant to CPLR 7805 to stay enforcement of the building permit and certificate of occupancy to the extent of temporarily restraining Benmar, its agents, attorneys, employees, representatives, and all persons acting in concert with them, from conveying the proposed resultant lot designated as 609 Brook Street to anyone other than Benedict A. Salanitro or Franca Salanitro. This was error, as the petitioners failed to show that they would suffer an irreparable injury in the absence of the temporary restraint (*see Tesone v Hoffman*, 84 AD3d 1219 [2011]; *see generally Dover Gourmet Corp. v Nassau Health Care Corp.*, 89 AD3d 979 [2011]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.