■ In the Matter of NORA LUCAS et al., Respondents, v BOARD OF APPEALS OF VILLAGE OF MAMARONECK et al., Appellants, et al., Respondents. [974 NYS2d 464]—

Motion by the appellants for leave to reargue an appeal from an order of the Supreme Court, Westchester County, entered October 6, 2009, which was determined by decision and order of this Court dated March 27, 2012, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted, and the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated March 27, 2012 (*Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 93 AD3d 844 [2012]), is recalled and vacated and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Appeals of the Village of Mamaroneck dated January 3, 2008, which denied, by operation of law, the petitioners' administrative appeal from the issuance of a building permit dated July 6, 2007, for the construction of a single-family dwelling on a lot designated as 609 Brook Street, and in the nature of mandamus to compel the revocation of the building permit and any subsequently issued certificate of occupancy, the Board of Appeals of the Village of Mamaroneck, Clark Neuringer, George Mgrditchian, Mauro Gabriele, Gregory Sullivan, and Peter Jackson appeal, as limited by their notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cohen, J.), entered October 6, 2009, as, in effect, granted that branch of the petition which was to annul the denial of the petitioners' administrative appeal from the issuance of the building permit and directed the revocation of the building permit and a certificate of occupancy dated July 28, 2008, and Benmar Properties, LLC, separately appeals, as limited by its brief, from so much of

the same order and judgment as, in effect, granted that branch of the petition which was to annul the denial of the petitioners' administrative appeal from the issuance of the building permit and directed the revocation of the building permit and the certificate of occupancy dated July 28, 2008, and granted the petitioners' motion pursuant to CPLR 7805 to stay enforcement of the building permit and certificate of occupancy, to the extent of prohibiting Benmar Properties, LLC, its agents, attorneys, employees, representatives, and all persons acting in concert with them, from conveying the lot to anyone other than Benedict A. Salanitro or Franca Salanitro.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the petition which were to annul the denial of the petitioners' administrative appeal from the issuance of the building permit and to compel the revocation of the building permit and any certificate of occupancy are denied, and the petitioners' motion pursuant to CPLR 7805 to stay enforcement of the building permit and any certificate of occupancy, to the extent of prohibiting Benmar Properties, LLC, its agents, attorneys, employees, representatives, and all persons acting in concert with them, from conveying the lot to anyone other than Benedict A. Salanitro or Franca Salanitro, is denied.

In February 2006, Benmar Properties, LLC (hereinafter Benmar), purchased a large parcel of real property, measuring approximately 18,000 square feet, that was located at 601 Brook Street (hereinafter the parent parcel), in the Tompkins Farm community of the Village of Mamaroneck. The Tompkins Farm community is situated in an R-5 residential district, requiring a minimum lot area of 5,000 square feet (see Code of Village of Mamaroneck [hereinafter Village Code] § 342-27). The parent parcel was improved by a single-family dwelling. Benmar sought to subdivide the parent parcel in order to create two separate buildable lots pursuant to Village Code § 342-11 (D). The proposed resultant lot on which the existing dwelling was situated continued to be designated as 601 Brook Street, while the proposed unimproved resultant lot was designated as 609 Brook Street.

Pursuant to Village Code § 342-11 (D), "[w]here a lot is formed hereafter from part of a lot already occupied by a building, such separation shall be effected in such manner as not to impair conformity with any of the requirements of this chapter with respect to the existing building and all yards and other required spaces in connection therewith; and no permit shall be issued for the establishment of a land use or the erection of a

building on the new lot thus created unless all the requirements of this chapter are complied with by such new lot." The proposed unimproved resultant lot, designated as 609 Brook Street, failed to comply with the schedule of minimum zoning requirements for lots in an R-5 district, as set forth in Village Code § 342-27, with respect to lot depth, which measured 94.52 feet, as opposed to the required 100 feet. Benmar thus sought an area variance in order to permit the subdivision. In a resolution dated May 9, 2006, the Board of Appeals of the Village of Mamaroneck (hereinafter the BOA) granted this variance. However, in an order and judgment (one paper) dated January 10, 2007, the Supreme Court annulled the resolution dated May 9, 2006, since, in 1991, the BOA had previously denied an application for an area variance sought by the prior owners of the parent parcel that would have permitted subdivision of that parcel. Specifically, the Supreme Court concluded that the BOA's "reasons for changing its 1991 Decision did not set forth a rational and satisfactory explanation for its departure from prior precedent and, therefore, its decision to grant the area variance to Benmar was arbitrary and capricious" (*Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 14 Misc 3d 1214[A], 2007 NY Slip Op 50032[U], *14 [Sup Ct, Westchester County 2007]).

Subsequent to the entry of the order and judgment, Benmar sought to purchase a strip of land measuring 50 feet by 4.5 feet from the owners of property situated at 307 Beach Avenue, which abutted the rear portions of both 601 and 609 Brook Street. Prior to completing this purchase, Benmar and the owners of the abutting property obtained separate written opinion letters from the Village's Director of Building, Code Enforcement and Land Use Administration (hereinafter the Director) with respect to the impact that the conveyance of that strip of land would have on the conformity with the zoning code of the new enhanced lot, 609 Brook Street, and the abutting property. In the letter to Benmar, the Director stated that Benmar's purchase of that strip of land would create a fully conforming lot at 609 Brook Street. Subsequent to Benmar's purchase of that land, the Director issued the subject building permit for 609 Brook Street. The petitioners, who reside near or adjacent to the parcels of real property that are the subject of this proceeding, opposed the issuance of the building permit, and administratively appealed its issuance to the BOA. In a resolution dated January 3, 2008, the BOA denied, by operation of law, the administrative appeal from the issuance of the building permit.

The petitioners then commenced the instant proceeding pur-

suant to CPLR article 78, inter alia, to review the BOA's determination and to compel the revocation of the building permit and any certificate of occupancy that might subsequently be issued. Thereafter, on July 28, 2008, the Director issued a certificate of occupancy. The Supreme Court, among other things, in effect, granted those branches of the petition which were to annul the BOA's denial of the administrative appeal and to compel revocation of the building permit and the subsequently issued certificate of occupancy.

Contrary to the petitioners' contention, Benmar, the BOA, and the individual members of the BOA (hereinafter collectively the appellants) are aggrieved by the order and judgment (*see Mixon v TBV, Inc.*, 76 AD3d 144 [2010]).

There is no merit to the appellants' contentions that the petition should be or should have been dismissed as time-barred, as barred by collateral estoppel, or as academic in light of the completion of the construction at issue. We thus address the merits of the proceeding.

"A court reviewing a CPLR article 78 petition may not disturb the decision of a municipal body charged with determining land use questions unless that body's decision is arbitrary and capricious, lacks a rational basis, or is an abuse of discretion" (*Matter of Fuentes v Planning Bd. of the Vil. of Woodbury*, 82 AD3d 883, 883 [2011]). The BOA's denial of the petitioners' administrative appeal from the issuance of the building permit, and the Director's issuance of the building permit and certificate of occupancy, were not arbitrary and capricious since the lot designated as 609 Brook Street became a conforming lot subsequent to the purchase of additional property, which rectified the lot-depth deficiency so that the lot designated as 609 Brook Street no longer required a variance. Further, given that the lot designated as 609 Brook Street no longer required a variance, the facts which were presented to the BOA in 1991 and 2006 were not virtually identical to the facts which were before the BOA in 2008.

Moreover, the proposed resultant parcel designated as 601 Brook Street was also conforming, as it is a corner lot abutting both Brook Street and Beach Avenue. Village Code § 342-3 (B) defines a corner lot as having "two front yards, two side yards and no rear yard." That section further provides, under the definition of the phrase "from lot line," that the owner of a corner lot "for the purpose of this chapter, ha[s] the privilege of electing any street lot line as the front lot line" (Village Code § 342-3 [B]). Since this right of election is granted to the owners of a corner lot without restriction, Benmar had the option of choos-

ing either the Brook Street or Beach Avenue side as the front lot line for the purpose of measuring front-yard setback and lot depth. Thus, while the lot designated as 601 Brook Street has front-yard setback and lot-depth deficiencies when measured from the Brook Street side, the lot is conforming when Beach Avenue is chosen as the front lot line, as Benmar did here (*see* Village Code §§ 342-3, 342-27). Benmar was not required to have both front yards meet the minimum setback requirements articulated in Village Code § 342-27, since to do so would conflict with the election provision set forth in Village Code § 342-3 for owners of corner lots, and would render that provision meaningless, in violation of fundamental rules of statutory construction (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 230, 231). Reading the Village Code as a whole, and considering all of its sections together, it is apparent that Benmar only had to meet the front-yard minimum setback requirement with respect to the front yard facing the street that it elected to be the front line (*see e.g. Matter of Armonas v Pratt*, 138 AD2d 697, 699 [1988]; *see also Matter of Sanantonio v Lustenberger*, 73 AD3d 934, 936 [2010]).

Further, contrary to the petitioners' contention, the lot designated as 601 Brook Street, as a corner lot, has no rear yard, as explained in the Village Code (*see* Village Code § 342-3 [B]). Zoning ordinances are in derogation of the common law and, thus, must be strictly construed in favor of the owner whose land is being regulated (*see e.g. Matter of La Russo v Neuringer*, 105 AD3d 743, 743 [2013]; *Matter of Sanantonio v Lustenberger*, 73 AD3d 934, 935 [2010]; *Matter of Mamaroneck Beach & Yacht Club, Inc. v Zoning Bd. of Appeals of Vil. of Mamaroneck*, 53 AD3d 494, 498 [2008]). To interpret the Village Code in the manner urged by the petitioners would be improper, as their interpretation does not strictly construe the Code's provisions.

Since no variances were required for either resultant lot, the parent lot was properly subdivided, and the BOA's denial of the petitioners' administrative appeal from the issuance of the building permit was proper. Accordingly, the Supreme Court improperly granted that branch of the petition which was to annul that determination.

In addition, in a proceeding pursuant to CPLR article 78 which seeks to compel a body or officer to perform a duty imposed by law, the proceeding must be commenced against the body or officer whose performance is sought (*see* CPLR 7803). The petitioners sought to compel the BOA to revoke the building permit and any subsequently issued certificate of occupancy.

However, only the Director is empowered to do so (see Village Code §§ 126-7, 126-12, 126-15). Thus, the petitioners should have named and joined the Director as a party to this proceeding (see Ferrick v State of New York, 198 AD2d 822 [1993]; D.B.C.G., Inc. v Town of Ramapo, 97 AD2d 533 [1983]). However, in light of our determination that the BOA's denial of the petitioners' administrative appeal from the issuance of the building permit was proper, that branch of the petition which was to compel the BOA to revoke the building permit and any subsequently issued certificate of occupancy should have been denied notwithstanding the petitioners' failure to name the proper party.

Finally, the Supreme Court granted the petitioners' motion pursuant to CPLR 7805 to stay enforcement of the building permit and any certificate of occupancy to the extent of temporarily restraining Benmar, its agents, attorneys, employees, representatives, and all persons acting in concert with them, from conveying the proposed resultant lot designated as 609 Brook Street to anyone other than Benedict A. Salanitro or Franca Salanitro. This was error, as the petitioners failed to show that they would suffer an irreparable injury in the absence of the temporary restraint (see Tesone v Hoffman, 84 AD3d 1219 [2011]; see generally Dover Gourmet Corp. v Nassau Health Care Corp., 89 AD3d 979 [2011]). In any event, in light of our determination, they are not entitled to this relief. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.