■ In the Matter of WATERWAYS DEVELOPMENT CORP., Respondent, v TOWN OF BROOKHAVEN ZONING BOARD OF APPEALS et al., Appellants. [5 NYS3d 450]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Brookhaven Zoning Board of Appeals, dated September 16, 2009, denying the petitioner's application for a determination that previously approved height

variances remained valid, and denying, as premature, the petitioner's applications for height variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated February 15, 2013, which granted the petition to the extent of annulling the determination denying the petitioner's application for a determination that previously approved height variances remained valid, and remitted the matter to the Town of Brookhaven for the issuance of building permits for the subject buildings.

Ordered that the judgment is affirmed, with costs.

The petitioner Waterways Development Corp. (hereinafter Waterways) owns approximately 100 acres of property in the respondent Town of Brookhaven, which is developed with a planned retirement community. The property was previously owned by Bay Pointe Associates (hereinafter Bay Pointe), which, in the 1980s, sought to construct a retirement community with more than 500 dwelling units. In connection with the proposed development, Bay Pointe applied to the respondent Town of Brookhaven Zoning Board of Appeals (hereinafter the ZBA) for variances to permit the construction of three buildings having three stories not exceeding 35 feet in height (hereinafter the midrises), instead of two and one-half stories not exceeding 35 feet as previously permitted by the Town of Brookhaven Town Code. The variances were granted and were valid for one year. Bay Pointe thereafter applied to the ZBA for an extension of the variances, stating that it had commenced construction of certain buildings, but not the midrises, and that the project was expected to take six years to complete. The ZBA granted an extension of one year. Bay Pointe requested a rehearing and, on January 8, 1986, the ZBA granted a further extension of the variances. The variance approval states, "Granted, respectively, due to magnitude of project, approved for life of job." The Town of Brookhaven Planning Board (hereinafter the Planning Board) granted final site plan approval for the project on April 24, 1987.

Bay Pointe completed construction of approximately 228 units, with related improvements. In 1995, Bay Pointe went into bankruptcy and the premises were sold to Post Village, Inc. (hereinafter Post Village). In 1997, so-ordered stipulations of settlement were entered in Bay Pointe's bankruptcy proceeding and in an action commenced by Post Village against the members of the Town of Brookhaven Town Board related to certain covenants, wherein the Town of Brookhaven acknowledged that the site plan was still valid and in effect and that Post Village could commence and/or continue construction pur-

suant to the site plan without any further zoning or planning board approvals. Also in 1997, the Commissioner of the Planning Board responded to an inquiry from Waterways about the development by referencing the site plan approved on April 24, 1987, and stating that the remainder of the approved units could still be built. Waterways thereafter purchased the premises and completed the second phase of construction and improvements, leaving only the midrises with 145 combined units to complete.

In May 2001, Waterways applied for building permits for the midrises. The applications were denied and Waterways appealed to the ZBA for a determination of vested rights to build the midrises. Prior to the hearing, Waterways and the Town commenced negotiations concerning a transfer of the development rights to another project, and the hearing was adjourned and the appeal later withdrawn. Negotiations were unsuccessful and, in 2003, Town officials indicated that they would not permit construction of the midrises since they believed that the variances had lapsed. Litigations then ensued, which were dismissed as unripe due to Waterways' withdrawal of its 2001 appeal to the ZBA (see Waterways Dev. Corp. v Lavalle, 28 AD3d 539 [2006]).

Waterways then applied for building permits to construct the midrises. The applications were denied for failure to comply with the two and one-half story restriction. Waterways appealed to the ZBA, challenging the Building Department's determination that new variances were required and, alternatively, seeking new variances. After a public hearing, the ZBA denied the application for a determination that the 1986 variance was still valid, noting that the original applicant had estimated completion of construction in six years and determining that it would be unreasonable to conclude that the 1986 ZBA would ignore intervening changes in the law and permit completion of the project after nearly 25 years. The ZBA further determined that, even if it assumed that the original variance relief could have survived the 25 year hiatus, bankruptcy, abandonment, and multiple transfers of ownership, it would nonetheless still be void as of August 31, 2005, pursuant to Town Code of the Town of Brookhaven § 85-30 (B). The ZBA denied the applications for new variances as premature.

Waterways commenced this CPLR article 78 proceeding to annul the ZBA's determinations as unlawful, arbitrary, and capricious. The Supreme Court granted the petition to the extent of annulling the ZBA's denial of Waterways' application for a determination that the 1986 variances remained valid,

and remitted the matter to the Town of Brookhaven for the issuance of building permits for the midrises. The ZBA and the Town of Brookhaven (hereinafter together the respondents) appeal.

The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational (*see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Birch Tree Partners, LLC v Nature Conservancy*, 122 AD3d 841 [2014]). Here, the ZBA's determination that the 1986 variances were no longer valid was arbitrary and capricious. Accordingly, the Supreme Court properly annulled that determination. The plain language of the variance approval states that the variances were "approved for life of job" (*see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 930 [2007]). The ZBA's reliance on estimates of the construction time-table given at the public hearing in 1986 effectively and improperly imposed a condition not stated in the variance approval (*see Matter of Sabatino v Denison*, 203 AD2d 781 [1994]). Moreover, its reliance on what it believed members of the ZBA in 1986 would have done had they known about the later delays in construction and changes in law was improper speculation (*see Matter of Rendely v Town of Huntington*, 44 AD3d 864 [2007]).

Furthermore, the ZBA's determination was in contravention of Waterways' vested rights to complete construction of the midrises. Vested rights accrue where the owner does substantial construction and incurs substantial expense, in good-faith reliance on a permit (*see Town of Orangetown v Magee*, 88 NY2d 41, 47 [1996]; *Matter of Exeter Bldg. Corp. v Town of Newburgh*, 114 AD3d 774, 779 [2014], *lv granted* 24 NY3d 910 [2014]; *Matter of James v Town of New Hartford*, 49 AD2d 247 [1975]). "Although many cases speak in terms of reliance on permits, a right may vest in certain situations when 'subdivisions' have been given a 'final grant of approval' " (*Matter of Exeter Bldg. Corp. v Town of Newburgh*, 114 AD3d at 780 [citations omitted], quoting *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 152 AD2d 365, 373 [1989], *affd* 77 NY2d 114 [1990]). An owner may acquire vested rights to a site where the site is but a part of a single project and substantial construction had been commenced and substantial expenditures made in connection with other phases of the integrated project which also benefitted or bore some connection to the affected site, such as infrastructure for the entire project (*see Matter of Schoonmaker Homes—John*

*Steinberg, Inc. v Village of Maybrook*, 178 AD2d 722, 725-726 [1991]; *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 152 AD2d at 372-373; *Telimar Homes v Miller*, 14 AD2d 586 [1961]; *Elsinore Prop. Owners Assn. v Morwand Homes*, 286 App Div 1105 [1955]). Where vested rights accrue, a successor-in-interest succeeds to the vested rights (*see Elsinore Prop. Owners Assn. v Morwand Homes*, 286 App Div at 1106).

Here, the project was approved as an integrated project. Waterways and its predecessors completed substantial construction of project-wide infrastructure to the benefit of the contemplated midrises and incurred substantial expenditures in good-faith reliance on the continuing validity of the variances. Waterways thus accrued a vested right to complete construction of the midrises in accordance with the approved site plan and variances (*see Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals*, 152 AD2d at 377; *Telimar Homes v Miller*, 14 AD2d 586 [1961]; *Elsinore Prop. Owners Assn. v Morwand Homes*, 286 App Div 1105 [1955]). Contrary to the respondents' contention, Waterways was not divested of its rights through abandonment or recoupment (*cf. Matter of RC Enters. v Town of Patterson*, 42 AD3d 542 [2007]).

The Supreme Court also properly determined that the ZBA's application of Town Code of the Town of Brookhaven § 85-30 (B) (now codified at Code of Town of Brookhaven § 85-59 [B]) to these variances was arbitrary and capricious. The provision, enacted in 2003, provides that all prior unexpired and valid variances with no date of expiration were to become null and void on August 31, 2005, subject to certain exceptions. A zoning ordinance must be strictly construed in favor of the property owner and against the municipality which adopted and seeks to enforce it (*see City of New York v Les Hommes*, 94 NY2d 267, 273 [1999]; *Matter of Allen v Adami*, 39 NY2d 275, 277 [1976]; *Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 109 AD3d 925, 929 [2013]). Any ambiguities must be resolved in favor of the property owner (*see Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton*, 7 AD3d 710 [2004]). Further, legislative enactments are to be construed so as to avoid constitutional issues if such a construction is fairly possible (*see FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111, 120 [1985]; *Matter of Peters v New York City Hous. Auth.*, 307 NY 519, 527-528 [1954]).

Here, the subject variances were granted for the life of this specific project, not in perpetuity to be applied to any proposed construction. Accordingly, the Supreme Court properly deter-

mined that the subject variances were outside the scope of the code provision. In any event, given Waterways' vested rights to construction of the midrises, and the Town's dilatory tactics after Waterways' 2001 application for the building permits, the ZBA's application of this 2003 enactment to the subject variances was arbitrary and capricious (*see Matter of Pokoik v Silsdorf*, 40 NY2d 769, 773 [1976]; *Matter of c/o Hamptons, LLC v Rickenbach*, 98 AD3d 736 [2012]; *Matter of Mendozza v Board of Zoning Appeals of Town of Smithtown*, 30 AD2d 863 [1968]).

Finally, contrary to the respondents' contention, upon annulling the ZBA's determination, the Supreme Court properly remitted the matter to the Town for the issuance of the building permits sought by Waterways in the underlying applications to the Building Department. Once a variance has been granted, the Town is "not bestowed with any discretion, but [is] obligated to issue the building permits as a ministerial act" (*Matter of Charter Land Dev. Corp. v Hartmann*, 170 AD2d 600, 601 [1991]; *see Incorporated Vil. of Atl. Beach v Gavalas*, 81 NY2d 322 [1993]; *Matter of Filmways Communications of Syracuse v Douglas*, 106 AD2d 185 [1985], *affd* 65 NY2d 878 [1985]; *cf. Matter of Pius v Bletsch*, 70 NY2d 920 [1987]; *see also* ECL 8-0105 [5] [ii]).

Waterways' contentions regarding the ZBA's denial, as premature, of its applications for new variances have been rendered academic and, in any event, are not properly before this Court (*see* CPLR 5515; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]). Eng, P.J., Chambers, Cohen and Barros, JJ., concur.