Tiekert v Board of Appeals of the Vil. of Mamaroneck (2025 NY Slip Op 01378)

Tiekert v Board of Appeals of the Vil. of Mamaroneck

2025 NY Slip Op 01378

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-03595
 (Index No. 1977/20)

[*1]In the Matter of Stuart Tiekert, appellant,
v
Board of Appeals of the Village of Mamaroneck, respondent.

Stuart Tiekert, Mamaroneck, NY, appellant pro se.
Whiteman Osterman & Hanna LLP, Albany, NY (John J. Henry and Anna V. Pinchuk of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a resolution of the Board of Appeals of the Village of Mamaroneck dated September 10, 2020, as, after a hearing, confirmed a code enforcement officer's finding of four violations relating to the petitioner's use of the third floor of his dwelling unit, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated April 13, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled to the extent that it upheld complaints 19-4655, 19-4656, 19-4658, and 19-4667, and the matter is remitted to the Board of Appeals of the Village of Mamaroneck for the issuance of a new determination in accordance herewith.
The petitioner is the owner of a condominium within a three-unit complex located in Mamaroneck. The petitioner's condominium comprises the second and third floors of the complex, which shares a stairwell. The petitioner resides on the second floor and rents the third floor to a tenant.
The petitioner was notified of seven complaints alleging violations relating to modifications he had made to the third floor to transform it into a separate dwelling unit for his tenant without first obtaining a permit to do so. The petitioner appealed five of the violations to the Board of Appeals for the Village of Mamaroneck (hereinafter the BOA). On September 10, 2020, the BOA issued a resolution (hereinafter the September 2020 resolution), inter alia, upholding complaints 19-4655, 19-4656, 19-4658, and 19-4667. The petitioner commenced this proceeding pursuant to CPLR article 78 against the BOA to review so much of the September 2020 resolution as upheld those complaints. In a judgment dated April 13, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, [*2]arbitrary and capricious, or an abuse of discretion'" (Matter of Posillico v Southold Town Zoning Bd. of Appeals, 219 AD3d 885, 887, quoting Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d 803, 805; see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515). However, there is a "'narrow but well recognized exception to this rule . . . where the question is one of pure legal interpretation of statutory terms, in which case deference to the zoning board is not required'" (Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d at 805, quoting Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d at 515). "A zoning ordinance must be strictly construed in favor of the property owner and against the municipality which adopted and seeks to enforce it" (Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals, 126 AD3d 708, 712; see Matter of Lucas v Board of Appeals of Vil. of Mamaroneck, 109 AD3d 925, 929). "Any ambiguities must be resolved in favor of the property owner" (Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals, 126 AD3d at 712; see Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton, 7 AD3d 710, 710).
Here, the BOA improperly upheld complaints 19-4655, 19-4656, 19-4658, and 19-4667. Each of the four challenged complaints related to the BOA's determination that the petitioner's condominium was comprised of two separate dwelling units instead of one. Pursuant to Code of the Village of Mamaroneck (hereinafter Village Code) § 342-3(B), a dwelling unit is defined as "[a] building or entirely self-contained portion thereof containing complete housekeeping facilities for only one family, including any domestic servants employed on the premises, and having no enclosed space, other than vestibules, entrance or other hallways or porches, or cooking or sanitary facilities in common with any other 'dwelling unit.'" Dwelling units may not share enclosed spaces other than vestibules, entrances, hallways, or porches (see id.). This language unambiguously defines a dwelling unit as something that shares "no enclosed space" with another dwelling unit, and it is uncontroverted that the second and third floors of the petitioner's condominium share an enclosed space, namely, a stairwell. The BOA's contrary interpretation, which concluded that the petitioner created a new dwelling unit by modifying the third floor despite the continued existence of the shared enclosed space between the second and third floors, is inconsistent with the plain language of Village Code § 342-3(B). Moreover, it was not established that the third floor contained complete housekeeping facilities for only one family, where, among other things, it lacked an oven or stove. Consequently, under these circumstances, the Supreme Court should have granted the petition and annulled so much of the September 2020 resolution as upheld complaints 19-4655, 19-4656, 19-4658, and 19-4667.
The petitioner's remaining contentions are either academic in light of our determination or not properly before this Court.
We have not considered matter dehors the record referred to in the petitioner's brief (see Lewis v City of New York, 206 AD3d 896, 898).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court